151 So.2d 469 (1963)
W.M. PARKER, Appellant,
v.
PANAMA CITY and its Mayor, Joe E. Hutchison, and its Commissioners, J.E. Hampton, Neal Goss, T. Brannon Copeland and Frank Dama, and Hunnicutt and Associates, Incorporated, a Florida corporation, Appellees.
No. D-470.
District Court of Appeal of Florida. First District.
March 26, 1963.
Rehearing Denied April 22, 1963.
*470 Isler, Welch & Jones and Davenport, Johnston, Harris & Urquhart, Panama City, for appellant.
Mercer P. Spear, Panama City, and Rood, Dixon, McEwen & Hunnicutt, St. Petersburg, for appellees.
STURGIS, Acting Chief Judge.
The appellant, W.M. Parker, a citizen and taxpayer of Panama City, a municipal corporation under the laws of Florida, brought this suit against the mayor and the members of the city commission of Panama City, and against Hunnicutt and Associates, Incorporated, hereinafter called "Hunnicutt", to have a contract between the city and Hunnicutt declared invalid and the performance thereof enjoined; in the alternative, to enjoin Hunnicutt from performing the services called for under the contract except by persons licensed as appraisers under Chapter 475, Florida Statutes, F.S.A., known as the Real Estate License Law. On motion of defendants the complaint as finally amended was dismissed with prejudice for failure to state a cause of action, hence this appeal.
It appears from the complaint that on December 28, 1961, Hunnicutt entered into a contract with the city whereby Hunnicutt agreed for a consideration of $65,000.00 to "make a complete revaluation of all taxable real and personal property in the City"; to "appraise all taxable real and business personal property" within the corporate limits of the city "for the information, guidance and use of the City Tax Assessor in preparing the City Tax Roll as provided by law for municipal taxation," to *471 perform its work "in accordance with modern established tax appraisal principles, methods, and systems [otherwise unexplained]," to maintain for the city a "system of equalizing values for the years 1963, 1964 and 1965," and to furnish record forms for use in making such appraisal, plus an extra supply for future use by the City Tax Assessor equal to ten percent of those used in the appraisal project. It was agreed that the consideration payable to Hunnicutt should cover all services, labor, appraisals, material, transportation, use of equipment, printing, records, and other costs and expenses incident to the complete revaluation project contemplated by the contract; but the value or cost to the city of the mentioned forms and records to be furnished by Hunnicutt is not shown by the contract or alleged by the complaint. On the basis of the above stated facts, the complaint then succinctly charges that the contract is void and unenforceable on grounds which may be summarized as follows:
1. That the defendant did not call for bids in accordance with "Section 8-B" of its charter. (Note: The mentioned charter provision is not set out or otherwise identified by the complaint. However, it is evident that the reference is to Section 4 of Chapter 59-1711, Laws of Florida, Acts of 1959, whereby Chapter 11678, Laws of Florida, Acts of 1925, providing a charter for the city, was amended by adding Section 8B, reading as follows:
"Section 8B. All purchases made by the city and all contracts entered into by the city in the amount of One Thousand Dollars ($1,000.00) or more, shall be on competitive bids except in cases of emergency affecting the public health and welfare and except purchases of electric current, telephone service, natural gas and water, anything in this charter to the contrary notwithstanding.")
2. That bids were sought from a limited group rather than from the public at large, in violation of said charter provision.
3. That the contract was not let to the lowest and best bidder, in violation of said charter provision.
4. That the Hunnicutt corporation is not licensed and qualified to do business in the state of Florida or in Panama City or as a real estate broker or salesman or appraiser under Chapter 475, Florida Statutes, F.S.A., or qualified under any provision of the city charter or laws of the state to perform the work called for under the contract.
5. That Hunnicutt's agents and employees are not licensed or qualified as real estate brokers, salesmen, or appraisers under F.S. Chapter 475, F.S.A.
6. That the call for bids pursuant to which the contract was let did not comply with the city charter in that it excluded all real estate brokers and appraisers in Panama City, Florida. (Note: The charter provision here referred to is not specifically identified, but we presume the reference is to Section 8B, supra.)
7. That Hunnicutt's officers are not registered real estate brokers or appraisers and are therefore ineligible to perform the appraisal services required by the contract.
The plaintiff prayed, in substance, that the contract be declared invalid and the parties thereto enjoined from performing it; in the alternative, that Hunnicutt be enjoined from performing thereunder except by using the services of persons licensed as appraisers under the Real Estate License Law.
Appellant contends (1) that it was error to dismiss the amended complaint for failure to state a cause of action, and (2) that in any event he should have been accorded the right to plead over.
It is academic, of course, that a complaint should not be summarily dismissed for failure to state a cause of action *472 if it contains any equity as against the defendant. The application of that precept is tempered, however, by the equally academic principle that the function of the complaint is to accurately inform the defendant and the court of the nature of plaintiff's claim. And while it is generally held that the complaint should be liberally construed to the end that plaintiff may have his day in court, this does not mean that all the attributes of orderly pleading are to be swept aside in quest of that end. The overriding requirement is that claimant's pleadings be sufficiently clear and direct to make it unnecessary for the respondent or the court to be clairvoyant in ascertaining the nature of the claim.
It is also the general rule that contracts for services requiring special skills or training, such as the professions and vocations of accountants, actors, architects, artists, attorneys, auditors, abstractors, engineers, court stenographers, clerks, interior decorators, musicians, and surveyors, are not required to be let on bids under a statutory or constitutional provision that contracts with the state or municipality must not be entered into without first advertising for bids. 43 Am.Jur., Public Works and Contracts, Sec. 28, p. 770; Annotation 44 A.L.R. 1150; Annotation 92 A.L.R. 837; Annotation 142 A.L.R. 542. Thus in Roper v. Hall, 280 S.W. 289 (Tex. Civ.App. 1926), it was held that a statute requiring contracts calling for the payment of more than a specified amount to be let to the lowest bidder after due advertisement for bids had no application to a contract of employment entered into between a county commissioners' court and an individual who was required thereunder to compile data and to advise with the commissioners' court in equalizing taxes on oil and gas producing properties.
In Foulk v. Florida Real Estate Commission, 113 So.2d 714 (Fla. 1959), Foulk was enjoined from performing a contract with Charlotte County, Florida, whereby he agreed to perform services as an appraiser in aid of the County Tax Assessor and as an incident to a project for revaluation of property for tax purposes; the basis of the injunction being that he had not qualified as an appraiser under Chapter 475, Florida Statutes, F.S.A. On appeal the decree was affirmed. Kanner, J., speaking for the court, said:
"The Florida legislature, in seeking to elevate the status of real estate brokers and the profession of real estate with all its related phases, under regulations designed for the protection of the public, through Chapter 475, Florida Statutes, F.S.A., has subjected this field of endeavor to requirements which must be met by those who engage in any of its defined activities. The Florida Supreme Court has recognized that the real estate business in this state has become highly specialized and that one who engages in this business belongs to a privileged class and enjoys a monopoly in that field. He is the confidant of the public in much the same manner as a lawyer or a banker." (Emphasis supplied)
As with any vocation or profession requiring special skills and training, it usually occurs that certain services incident to the product are performed by clerks, secretaries, bookkeepers, technicians and other assistants who are usually and ordinarily considered by custom and practice not to be rendering professional services to the public for which a license or other legal authority is required. The licensing requirements under Chapter 475, Florida Statutes, F.S.A., as interpreted and applied in Foulk v. Florida Real Estate Commission, supra, only makes it necessary for a contract of the nature in suit to be supervised and in its final aspects performed by one licensed by law to make an appraisal of real property.
The complaint herein does not charge that work under the contract is being performed by persons who are not *473 qualified within the purview of this opinion. Assuming, per argumenti, that at present there is no qualified person in the employ of Hunnicutt capable of performing the special skills called for under the contract, it does not follow that one will not be provided for the purposes of the contract. Absent a specific allegation to the contrary, the presumption abides that the contracting parties will perform according to law.
The services to be provided by Hunnicutt under the contract in suit require the exercise of special skills or training on the part of those persons who render the service. Adopting the rule stated in Roper v. Hall, supra, we hold that Section 8B of the charter of Panama City, Florida, does not apply to the contract in suit. And in this connection, we recognize that the services to be performed by Hunnicutt are altogether advisory in nature and cannot in any manner control the City Tax Assessor in the performance of his official duties.
It is the general rule that in the absence of express statutory authority a corporation cannot lawfully engage in the practice of the learned professions. 13 Am.Jur., Corporations, Sec. 837, p. 838. However, Chapter 621, Florida Statutes 1961, F.S.A., known as the Professional Service Corporation Act, provides a vehicle for the incorporation in this state of an individual or group of individuals to render the same professional service to the public for which such individuals are required by law to be licensed or to obtain other legal authorization. The legislative intent is clear that persons licensed as appraisers under F.S. Chapter 475, F.S.A., may incorporate thereunder and contract to render the same professional service which they are licensed under Chapter 475 to render. The organization of a professional service corporation is limited to persons who are duly licensed or otherwise legally authorized to render professional services within this state and the corporate power is limited to the sole and specific purpose of rendering the same and specific professional service authorized by such license or otherwise legally authorized to be performed (F.S. § 621.05, F.S.A.). Corporations organized under F.S. Chapter 621, F.S.A., are prohibited from rendering professional services except through their officers, employees and agents who are duly licensed or otherwise legally authorized to render such professional services within this state, and it is provided that the term "employee" as used in the statute does not include "clerks, secretaries, bookkeepers, technicians and other assistants who are not usually and ordinarily considered by custom and practice to be rendering professional services to the public for which a license or other legal authorization is required" (F.S. § 621.06, F.S.A.).
Section 621.04 of the act exempts from the operation thereof any individuals or groups of individuals within this state who prior to the passage of the act were permitted to organize a corporation and perform personal services to the public by the means of a corporation; and provides the procedure by which such prior corporations may come within the purview of the act.
The complaint herein does not contain any allegation sufficient to challenge the authority of Hunnicutt to enter into and perform the subject contract. For aught that appears to the contrary, it may now be duly organized under the Professional Services Corporation Act. If not, it may fall within the exception of F.S. § 621.04, F.S.A., and yet be qualified to make and perform the contract, a matter not presented by the issues on appeal and which we do not pass upon at this time.
Appellant contends that the trial court erred in dismissing the amended complaint with prejudice. It does not appear that plaintiff asked leave to further amend and no abuse of discretion is shown. The point is not well taken.
Affirmed.
RAWLS, J., and HOBSON, T. Frank, Senior Associate Judge, concur.