CARROLL, Judge.
The appellant Harold Oster filed a suit in equity in Dade County seeking termination of a voting trust, removal of a trustee, *559 or other appropriate relief. On a motion of the defendant trustee to dismiss for failure to state a cause of action, the complaint was dismissed, and the plaintiff appealed.
The complaint as amended alleged that plaintiff and eleven other stockholders had entered into the voting trust agreement naming the plaintiff and the defendant Sylvan B. Krause (not a stockholder) as co-trustees, and a copy was attached. The complaint charged the defendant trustee Krause with misconduct, viz.: refusal to “meet and communicate with the plaintiff” with reference to business activities of the corporation; using the corporation’s assets and personnel and credit cards for his personal benefit; withholding the corporation’s records and refusing to deliver them to the corporation’s accountant; and failure to act jointly with the plaintiff as co-trustee in matters requiring exercise of discretion and judgment. In addition to the defendant co-trustee the plaintiff joined as defendants the other stockholders who were parties to and affected by the voting trust agreement. They answered, aligning themselves with the plaintiff, and joining his prayer for relief. Following dismissal of the complaint and appeal by the plaintiff trustee the defendant stockholders joined with the plaintiff as appellants.
The sole question for determination is whether the complaint set forth facts upon which relief could be granted. As stated in Parker v. Panama City, Fla.App. 1963, 151 So.2d 469, 471-472, an equity complaint should not be dismissed for failure to state a cause of action if it contains an equity as against the defendant. The co-trustee was qualified to sue for removal of the other trustee. Bogert, Trusts and Trustees § 522, at p. 334 (2nd ed.1960). Also, the other stockholders, who were parties to the agreement which created the trust, joined the plaintiff trustee in seeking cancellation of the voting trust agreement or ouster of the other trustee.
Appellees sought to justify the dismissal of the complaint on two grounds; that the complaint on its face showed the plaintiff trustee to be proceeding with unclean hands, and that the acts of misconduct charged in the complaint were not alleged in sufficient detail. Neither contention has merit. The allegation claimed to show want of clean hands was that there were differences between the trustees which had created an impasse such as to block their conduct of normal business activities of the corporation. Elsewhere the complaint shows the plaintiff laid the fault on the defendant trustee. But even if both trustees were responsible for the impasse, the relief sought is for the corporation and for all of the stockholders and not alone for the plaintiff trustee. If an impasse exists between the trustees which interferes with or prevents performance of their duties, even though it may have been caused by both of them, the existence of the impasse would imply the need for some relief, rather than to require the corporation to suffer the consequences of the impasse just because the trustees brought it on. Perhaps the evidence would make a case for removal of both trustees. The general prayer would cover that. Moreover, the possible participation of the plaintiff trustee in creating the impasse between the trustees, if considered as unclean hands so as to bar him from seeking relief for the corporation, could not be imputed to the other stockholders who by their answers aligned themselves with the plaintiff and joined in the prayer for relief.
We can agree with the chancellor that the complaint fails to make out a case for termination of the voting trust agreement, but it appears that the facts stated were sufficient, if proved, to entitle the plaintiffs to some relief. The complaint was clear enough in setting out the charges of misconduct. What it lacked, as complained of by the appellee, was a failure to state places, dates, times and amounts, etc. We consider the statement of facts as set forth in the complaint complies with rule 1.8, F.R.C.P., 30 F.S.A., which provides for setting forth “a short and plain statement of *560 the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him, it shall be held sufficient.” When that basic requirement is complied with in a complaint, it is not necessarily ground for dismissal that the allegations are so vague or ambiguous a party can not reasonably be required to frame a responsive pleading thereto without their amplification. It is so indicated in rule 1.11(e), F.R.C.P. which makes provision for motions for more definite statement; and of course discovery procedures are available to a defendant to facilitate his response.
For the reasons stated we hold the able chancellor was in error in dismissing the complaint, and the order of dismissal is hereby reversed and the cause is remanded for further proceedings.
Reversed and remanded.