343 So.2d 859 (1976)
Suzanne L. ERWINE, Appellant,
v.
GAMBLE, POWNAL & GILROY, ARCHITECTS AND ENGINEERS, et al., Appellees.
No. 75-917.
District Court of Appeal of Florida, Second District.
December 10, 1976.
*860 Robert Orseck, of Podhurst, Orseck & Parks, P.A., Miami, and Ronald A. David, of Wagner, Cunningham, Vaughan, May & Genders, Tampa, for appellant.
Charles W. Pittman, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee Gamble, Pownal & Gilroy.
Lawrence J. Robinson, of Drymon, Robinson & Clark, Sarasota, for appellee University of South Florida.
Charles E. Miner, Jr., General Counsel, Herbert D. Sikes, Counsel, and John D. Carlson, Counsel, State Board of Education, Tallahassee, for appellees State of Florida, State Bd. of Education, Bd. of Regents of the State of Florida, Dept. of Education of the State of Florida, and State University System of the State of Florida.
GRIMES, Judge.
This is an appeal from a final judgment dismissing the plaintiff's complaint with prejudice against all defendants.
According to the complaint, the plaintiff, who was a student at the University of South Florida, fell into a pit created by a lowered area of the stage in a theater classroom auditorium on the campus of the University. The complaint alleged that the stage and pit area had been negligently designed by a firm of architects and engineers (hereafter called the architects). The *861 University of South Florida and a number of other entities of the state were also joined as defendants upon theories of negligence and implied contract.
Apparently, the complaint against the architects was dismissed because it failed to allege the time when the negligent acts were committed. The plaintiff chose not to amend to include this allegation, so the complaint was dismissed with prejudice.
The question of when the allegedly negligent acts were committed may ultimately prove crucial because of the statute of limitations. However, the statute of limitations is an affirmative defense. Fla.R. Civ.P. 1.110(d). To be sure, the rule also provides that if an affirmative defense appears on the face of the complaint, the complaint may be challenged by a motion to dismiss. However, there is nothing to compel the plaintiff to allege facts which might give rise to an affirmative defense so long as the complaint otherwise states a cause of action. B.B.S. v. R.C.B., 252 So.2d 837 (Fla. 2d DCA 1971); Stern v. First National Bank of South Miami, 275 So.2d 58 (Fla. 3d DCA 1973).
The architects' reliance on Fla.R. Civ.P. 1.120(f) is misplaced. This rule simply provides that for the purpose of testing the sufficiency of a pleading, averments of time and place are material. Thus, if a time is alleged which reflects the bar of the statute of limitations, this may be raised by motion to dismiss under Fla.R.Civ.P. 1.110(d).
In construing Federal Rule of Civil Procedure 9(f) which is similar to Fla.R.Civ.P. 1.120(f), 5 C. Wright and A. Miller, Federal Practice and Procedure, § 1309, pp. 439-440 (1969), states:
"It should be made perfectly clear that Rule 9(f) does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when they actually are interposed... ."
The treatise then goes on to point out that whether or not allegations of time and place are required is determined by the substantive nature of the suit. Accord, Jones v. United Gas Improvement Corporation, 383 F. Supp. 420 (E.D.Pa. 1975).
In essence, allegations of time and place are necessary only if without them the statement of the claim is so vague and ambiguous that the other party cannot adequately frame an answer. Such is not the case with respect to this complaint. The date upon which the accident occurred is alleged, and the allegations of negligence are sufficiently set forth as to acquaint the architects with the charges so that they may intelligently answer them. Therefore, the complaint as against the architects should not have been dismissed.
The complaint against the University and the other state entities was dismissed because the accident occurred at a time when the legislature had not removed sovereign immunity. The case of Circuit Court of the Twelfth Judicial Circuit v. Department of Natural Resources, 339 So.2d 1113 (Fla. 1976), (Opinion filed November 24, 1976) recently decided by the Supreme Court makes it abundantly clear that the complaint was properly dismissed against all of the state related defendants. See also Davis v. Watson, 318 So.2d 169 (Fla. 4th DCA 1975).
The judgment to the extent that it dismisses the complaint against the architects is reversed; in all other respects it is affirmed.
McNULTY, C.J., and HOBSON, J., concur.