BOYER, Judge.
Appellant, defendant in the trial court, filed this interlocutory appeal seeking review of an amended order granting a motion for rehearing and denying a motion to dismiss counts two and three of the plaintiff’s complaint. Prior to the filing of any briefs and prior to the filing of any record as required by Rule 4.2 d, but after this court has entered an order granting a motion extending the time for the filing of same, appellee filed herein a motion to dismiss the appeal on the basis that appellant’s brief had not been timely filed and on the further ground that the interlocutory appeal “is not authorized by Florida Appellate Rule 4.2 because the order is not a final order nor is it an order relating to venue or jurisdiction over the person.” Appellant filed a response to the motion to dismiss pointing out that this court had entered an order extending the time for the filing of appellant’s brief and alleging that the basis for the interlocutory appeal related to an issue as to jurisdiction over the person and was therefore authorized by said Fla.App. Rule 4.2. There was at that time, as above stated, no record nor certified copies of the appeal papers by which this court could determine its jurisdictional basis for the appeal; therefore, accepting the allegations of appellant’s response as true, the motion to dismiss was denied.
Upon the appeal being perfected by the compliance with Fla.App. Rules 4.2 d and 4.2 e the ease was set for oral argument in accordance with Fla.App. Rule 4.2 f. Only then, after the appeal had been perfected, were we in a position to ascertain whether the order sought to be reviewed was within the ambit of Fla.App. Rule 4.2 a which is the basis of this court’s jurisdiction.
Notwithstanding our prior order denying appellee’s motion to dismiss at a time when there was insufficient record before us to establish our lack of jurisdiction, we have now carefully reviewed the order here sought to be interloeutorily appealed in the light of the briefs and the balance of the record and find that said order is not one of those enumerated by the rule for the vesting of jurisdiction in this court. We, of course, have no authority to assume jurisdiction when there is none. We therefore have the duty and responsibility at any stage of the proceeding at which we discover jurisdiction lacking to immediately cease exercising same.
Accordingly, determining, as we do, that we are without jurisdiction we do not meet the merits of the case. Our prior order denying appellee’s motion to dismiss for lack of jurisdiction is hereby vacated and set aside and this interlocutory appeal is sua sponte dismissed for want of jurisdiction.
IT IS SO ORDERED.
McCORD, C. J., and MASON, ERNEST E., Associate Judge, concur.