DOWNEY, JAMES C., Associate Judge.
William E. Bernstein and five other defendants seek review, by means of Florida Appellate Rule 9.130(a)(3)(C)(iv), of a multifaceted order, dated April 6, 1978, which struck certain counts of the defendants’ counterclaim, and granted a motion for summary judgment for the plaintiff, First Federal Savings & Loan Association of Orlando, as to certain aspects of the case.
This litigation commenced when plaintiff filed a suit to foreclose a mortgage on a large condominium complex and golf course in Seminole County against the mortgagor, Development Enterprises, Incorporated, and the six individual defendant/appellants. The defendants had endorsed a $600,000 note secured by a mortgage on the golf course and had also executed guaranty agreements as each phase of the condominium construction commenced. During the course of the litigation the trial court severed the issues involving the six individual *302 defendants from the issues directly involving the mortgagor.
The plaintiff’s complaint sought to foreclose against all unsold condominium units and the golf course. Although plaintiff held 112 separate notes and mortgages on 112 individual condominium units and a separate note and mortgage on the golf course, the amounts due were lumped together in the suit seeking sale of all of the property involved. The defendants’ ultimate answer, besides a general denial of much of the complaint, set up seven affirmative defenses and a counterclaim in four counts. The affirmative defenses alleged:
1) the complaint is vague and attempts to aggregate the amounts due under different obligations, which attempt to aggregate prejudices defendants;
2) the guaranty agreements are indefinite and uncertain for various stated reasons;
3) plaintiff has prejudiced defendants’ subrogation rights under their guaranty agreements by not protecting the priority of the various mortgages;
4) defendants are entitled to a segregation of the amounts due under the various notes and cannot be subjected to a claim for the total amount due; plaintiff has repudiated the guaranty agreements by its conduct;
5) the real property encumbered by the mortgage was sold at public sale to appel-lee, and the market value of said property exceeded the amount owed; also prior to the suit plaintiff misapplied funds paid by defendants;
6) plaintiff repudiated the express terms of the guaranty agreements in numerous enumerated ways; in addition, affirmative defense (6) incorporates Count IV of the counterclaim by reference;
7) plaintiff represented that it never sought a deficiency decree against a borrower in order to induce defendants to cooperate, and plaintiff is estopped to act otherwise.
The counterclaim alleged in Count I that the guaranty agreements were vague and indefinite and unenforceable, or in the alternative that defendants’ liability should be determined and its subrogation rights fixed. Count II alleged the agreements should be cancelled for indefiniteness or appellants should receive damages for plaintiff’s breach of contract. Count III prayed for an accounting of monies paid by defendants and misapplied by plaintiff. Count IV incorporated Count III and, in addition, alleged that the defendants requested plaintiff to accept a tender of the amount due on the note they had endorsed and assign the note to defendants; however, plaintiff refused until required to do so by the court. As a result of plaintiff’s refusal defendants were damaged in various stated ways.
Plaintiff filed a motion for summary judgment and motions to strike the affirmative defenses and dismiss the counterclaim. In the order sought to be reviewed the trial court granted (a) the motion for summary judgment as to affirmative defenses 1 through 4, (b) the motion to strike affirmative defenses 6 and 7, (c) the motion for summary judgment as to Counts I and II of the counterclaim, (d) the motion to dismiss Count III of the counterclaim with leave to amend, and (e) the motion to dismiss Count IV of the counterclaim with prejudice.
The net effect of the foregoing order is to leave the amended complaint, the answer with a general denial, the fifth affirmative defense, and Count III of the counterclaim (as amended) as the pleadings that raise the issues to be tried.
The threshold issue in this court is the appealability of the order of April 6, 1978. It is apparent that the portion of the order under review which granted plaintiff’s motion for summary judgment is not appealable. See, e. g., Shupack v. Allstate Insurance Company, 356 So.2d 1298 (Fla. 3d DCA 1978). Furthermore, that part of the order which granted the motion to strike affirmative defenses is also not appealable, since an order striking affirmative defenses is not listed as an appealable order under Florida Rule of Appellate Procedure 9.130. Finally, the order dismissing Count IV of the counterclaim with prejudice which is a *303 final order is also not appealable because it is interrelated with and involves the same transaction and parties as are involved in the other defenses and counts of the counterclaim. In fact, it is so interrelated with Count III of the counterclaim which remains viable that Count III is incorporated in Count IV as one of the grounds for relief in Count IV. S. L. T. Warehouse Company v. Webb, 304 So.2d 97 (Fla.1974). In view of the foregoing we are unable to reach the merits of the question raised by the defendants on this appeal.
ACCORDINGLY, this appeal is dismissed.
BERANEK, JOHN R., Associate Judge, concurs.
CROSS, J., concurs in part and dissents in part.