467 So.2d 486 (1985)
DEPARTMENT OF PROFESSIONAL REGULATION and Geraldine Johnson, Appellants/Cross-Appellees,
v.
RENTFAST, INC., et al., Appellees/Cross-Appellants.
No. 84-1408.
District Court of Appeal of Florida, Fifth District.
April 18, 1985.
Salvatore A. Carpino, Deputy Gen. Counsel, Dept. of Professional Regulation, for appellants/cross-appellees.
Gerard F. Keating, South Daytona, for appellees.
SHARP, Judge.
This is an appeal and cross-appeal from a non-final order, pursuant to Florida Rule of Appellate Procedure 9.130. Rentfast, Inc. (Rentfast), Randy Assad and Fred Hodges filed a complaint in the circuit court against The Department of Professional Regulation (DPR) and its employee, Geraldine Johnson, seeking compensatory and punitive damages for Johnson's alleged illegal taping of a conversation with Hodges and Assad in Rentfast's office, in violation of Chapter 934, Florida Statutes (1983).
DPR and Johnson filed motions to dismiss.[1] The court denied DPR's and Johnson's motions to dismiss, struck appellees' claim for punitive damages against DPR, and limited an award of attorney's fees against it by applying section 768.28, Florida Statutes (1983). DPR and Johnson appeal *487 from the order denying their motions to dismiss and Rentfast, Assad and Hodges cross-appeal from the order striking punitive damages and limiting attorney's fees.
After examining the appendixes and briefs filed in this case, we conclude that we lack jurisdiction to review any portions of the order being appealed under Florida Rule of Appellate Procedure 9.130. Although the jurisdiction of this court was not questioned by any party, it is our duty to sua sponte dismiss any appeal where it is clear we lack appellate jurisdiction under the rules. Ford Motor Company v. Averill, 355 So.2d 220 (Fla. 1st DCA 1978).
In their brief, DPR and Johnson argue that the denial of their motions to dismiss determined the court's personal jurisdiction over them. DPR argues it is not a "person" under the definition of Chapter 934,[2] and therefore, it cannot make an illegal interception of an oral communication pursuant to section 934.03, Florida Statutes (1983). Johnson argues the conversation which she taped was public and not private, and therefore not a violation of Chapter 934.[3]
Both of these matters determine whether the complaint states a cause of action against each appellant. They do not relate to matters concerning the court's jurisdiction or power to bind them to any ultimate decision rendered in the case. Cf. Adventura Realty, Ltd. v. Theuerkauf, 364 So.2d 1261 (Fla. 4th DCA 1978). There is no question in this case concerning proper service of process or service on a nonresident via the "long-arm" statute. Therefore, the orders denying DPR's and Johnson's motions to dismiss are non-final and they are not appealable pursuant to Rule 9.130(a)(3)(c)(i). National Lake Developments, Inc. v. Lake Tippecanoe Owners Association, Inc., 417 So.2d 655 (Fla. 1982).
The issues raised by Rentfast, Hodges and Assad in their cross-appeals are also not reviewable at this time by a non-final appeal. An order striking punitive damages, which are related to compensatory damages remaining in the suit to be tried, is not appealable. Weltz v. Mann, 383 So.2d 324 (Fla. 5th DCA 1980); see also Bernstein v. First Federal Savings & Loan Association of Orlando, 384 So.2d 301 (Fla. 5th DCA 1980). Similarly, the court's ruling which limited attorney's fees as to DPR, pursuant to section 768.28(8), Florida Statutes (1983), is also a non-final matter and not reviewable under any category set out in Rule 9.130.
DISMISSED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] They also filed a motion for the court to take judicial notice of DPR's administrative complaint against Assad, Hodges and Rentfast, in which the appellees had filed an identical counterclaim. Pursuant to a stipulation, this motion was granted. That ruling has not been appealed.
[2] Section 934.02(5), Florida Statutes (1983) provides, "`Person' means any employee or agent of the state or political subdivision thereof and individual, partnership, association, joint stock company, trust, or corporation."
[3] § 934.02, Fla. Stat. (1983).