482 So.2d 574 (1986)
SARASOTA CLOTH FABRIC & FOAM, INC., a Florida Corporation, Appellant,
v.
E.J. BENES As Trustee of the Frances M. Benes Trust, Appellee.
No. 85-368.
District Court of Appeal of Florida, Fifth District.
February 6, 1986.
*575 Philip S. Prosch, Sarasota, for appellant.
Ralph C. Losey of Subin, Shams, Rosenbluth & Moran, P.A., Orlando, for appellee.
COBB, Chief Judge.
Appellant, Sarasota Cloth Fabric & Foam, Inc. (Sarasota), timely appeals the dismissal with prejudice of its three-count counterclaim against appellee, E.J. Benes as Trustee of the Frances M. Benes Trust (Benes).
Benes filed a complaint against Sarasota, as lessee, alleging breach of a shopping center lease agreement. Sarasota filed an answer and counterclaim, twice amended, alleging counts of conversion, fraud and negligence against Benes. The counterclaim counts relating to fraud and negligence are dependent upon and arose out of the shopping center lease, which the plaintiff alleges was breached; therefore, those counts are compulsory counterclaims and their dismissal is not appealable until the conclusion of the main action. Bernstein v. First Federal Savings & Loan, 384 So.2d 301 (Fla. 5th DCA 1980). Thus, we dismiss this appeal as to those counts of Sarasota's counterclaim  counts two and three.
Count one of the counterclaim, however, asserted that during the course of the tenancy Benes, acting through an agent, "wrongfully exercised authority over defendant's goods depriving him of the possession of same," and then enumerated the various items, with their estimated value, allegedly converted by Benes. These alleged thefts did not arise out of the lease and, therefore, this count does not constitute a compulsory counterclaim. It is a separate and distinct cause of action which is not interdependent with other pleaded claims, and its dismissal is appealable as a final order. Mendez v. West Flagler Family Assn., Inc., 303 So.2d 1 (Fla. 1974).
The dismissal of count one apparently was based on the trial court's determination that it failed to specifically state the time and place that conversion of the specified items occurred. Appellant contends the complaint sufficiently alleged that the conversion occurred during the "period of the lease," which ran from January 15, 1979 to August 31, 1983, a period of over four-and-a-half years.
Florida Rule of Civil Procedure 1.120(f) provides:
Time and Place. For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter.
Appellant cites four cases which deal with the requirement of specifying time and place in order to state a cause of action. They are: Nicolet, Inc. v. Benton, 467 So.2d 1046 (Fla. 1st DCA 1985); Copeland v. Celotex Corp., 447 So.2d 908 (Fla. 3d DCA 1984), quashed on other grounds, 471 So.2d 533 (Fla. 1985); Erwine v. Gamble, Pownal & Gilroy, Architects and Engineers, 343 So.2d 859 (Fla. 2d DCA 1976); and Oster v. Krause, 168 So.2d 558 (Fla. 3d DCA 1964). Both Nicolet and Copeland are asbestos cases.
In Copeland the Third District stated that pleading time and place of injury is necessary only where its absence renders a pleading so vague and ambiguous that the defendant cannot adequately frame an answer. The court held that specifying time and place was not required in the Copeland case, since "asbestosis is a disease caused by cumulative exposure and therefore it is difficult to determine which exposure is dispositive." The court went on to note that this was not a case where the injury "arises from a discernable compact event or series of events through which Mr. Copeland was instantaneously transformed *576 from a whole person into an injured party, at a specific time and place."
In Erwine the student/plaintiff fell into an orchestra pit at the school theater and sued the architect and engineer for negligent design. The plaintiff alleged the time of the accident but not the time of the design. The Second District, in reversing the dismissal of the complaint against the architect, held:
In essence, allegations of time and place are necessary only if without them the statement of the claim is so vague and ambiguous that the other party cannot adequately frame an answer. Such is not the case with respect to this complaint. The date upon which the accident occurred is alleged, and the allegations of negligence are sufficiently set forth as to acquaint the architects with the charges so that they may intelligently answer them. Therefore, the complaint as against the architects should not have been dismissed.
Id. at 861.
In Oster the complaint charged the defendant/trustee of a voting trust with misconduct. Numerous instances of misconduct were alleged; however, no times nor places of these alleged instances were given. The Third District stated:
... The complaint was clear enough in setting out the charges of misconduct. What it lacked, as complained of by the appellee, was a failure to state places, dates, times and amounts, etc. We consider [that] the statement of facts as set forth in the complaint complies with Rule 1.8, F.R.C.P., 30 F.S.A., which provides for setting forth "a short and plain statement of the ultimate facts upon which the pleader relies, and if it informs the defendant of the nature of the cause against him, it shall be held sufficient." When that basic requirement is complied with in a complaint, it is not necessarily ground for dismissal that the allegations are so vague or ambiguous a party can not reasonably be required to frame a responsive pleading thereto without their amplification... .
Id. at 559-60.
In the instant case, the subjects of the conversion were fabrics, tables, a portable sign and a bale of stuffing. The conversion of such items appears to be the type of incident which would occur at some specific instant in time. Thus, this is unlike the asbestos cases. However, as shown by the cases above, the real question is whether the absence of time and place renders the charge so vague and ambiguous that the other party cannot adequately frame an answer. Here we know that the conversion occurred during the time of the lease and we know what items were alleged converted. Given this information, it does not appear that it is so vague and ambiguous as to prevent the other party from framing an answer. Thus, the trial court erred in dismissing this count on this basis.
Accordingly, the appeal of the dismissal of counts two and three of the defendant's counterclaim is dismissed pursuant to Bernstein; the dismissal of count one is reversed.
REVERSED in part; REMANDED.
ORFINGER and SHARP, JJ., concur.