The Honorable William R. Bullock Prosecuting Attorney P.O. Box 220 Danville, AR 72833-0220
Dear Mr. Bullock:
This is in response to your request for an opinion regarding A.C.A. 14-22-102, which requires adherence to certain county purchasing procedures where purchases in excess of five thousand dollars are made with county funds. Your specific question is whether a county tax assessor must solicit bids under this Code section "prior to entering into a contract with a person, firm or corporation for the re-assessment of property values for county and for lowering tax purposes."
It is my opinion that the solicitation of bids is not required in this instance. Please note that I have enclosed a copy of Opinion Number 90-030 which discusses bidding requirements under county purchasing laws and, specifically, the exception under A.C.A.14-22-101(2) for "personal services." It is my opinion that services performed in connection with the re-assessment of property values would in all likelihood be deemed by a court to constitute "personal services", which are exempt from the bidding requirements. Competitive bidding statutes have generally been held inapplicable to the services of a real estate appraiser which require special training, skill, and expert knowledge. 15 A.L.R.3d Public Contracts 11 (1967); see also Parker v. Panama City, 151 So.2d 469 (Fla.App. 1963).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.