**In re Mark A. ADAMS, Debtor.**

**No. 8:05–bk–29501–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 20, 2007.

Mark A. Adams, Pro se.

Stephen L. Meininger, Esquire, Tampa, FL, for the Chapter 7 Trustee.

## ORDER ON SUPPLEMENTAL TRUSTEE'S OBJECTION TO PROPERTY CLAIMED AS EXEMPT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Supplemental Objection to the Debtor's Property Claimed as Exempt. The Supplemental Objection was filed by Lauren P. Greene, as the Chapter 7 Trustee.

The primary issue presented by the Supplemental Objection is whether the Debtor, Mark A. Adams, can claim the stock in his law firm as exempt on the basis that it is owned with his wife, Lisa S. Adams, as tenants by the entireties.

The Trustee contends that the stock cannot constitute entireties property, because Lisa Adams is not a licensed attorney and therefore cannot own stock in the professional corporation pursuant to § 621.05 of the Florida Statutes.

### Background

The Debtor is an attorney. The Debtor and his wife, Lisa S. Adams, have been married since 1989.

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on October 14, 2005.

On November 14, 2005, the Debtor filed his Schedule of Assets and Liabilities and his Statement of Financial Affairs in the bankruptcy case. (Doc. 11). On his Schedule of Property Claimed as Exempt, the Debtor listed personal property described as "Stock of Law Office of Mark A. Adams, P.A." The stock is claimed as exempt on the basis that it is owned as tenants by the entireties with the Debtor's wife.

The Trustee subsequently filed her Supplemental Objection to Property Claimed as exempt. (Doc. 115). In the Supplemental Objection, the Trustee asserts (1) that the Debtor's wife, Lisa S. Adams, is not an attorney; (2) that § 621.05 of the Florida Statutes requires shareholders of a professional corporation to be legally authorized to render professional services; and (3) that the stock of the Law Office of Mark A. Adams, P.A. cannot be jointly owned with Lisa S. Adams and therefore cannot be claimed as exempt as entireties property.

The Debtor filed a written Response to the Supplemental Objection. (Doc. 122). In the Response, the Debtor contends that his wife "does not own stock in the Law Office individually. Instead, such ownership interest is held in a tenancy by the entireties with the undersigned Debtor who is a professional, and therefore, as such ownership is not prohibited by Florida law." (Doc. 122, p. 13).

Additionally, the Debtor asserts that the Law Office of Mark A. Adams, P.A. was incorporated pursuant to Chapter 607 of the Florida Statutes, as well as Chapter 621, and that stock in a corporation formed under Chapter 607 may be owned as entireties property. (Doc. 122, p. 14). The Debtor filed the Articles of Incorporation for the Law Office of Mark A. Adams, P.A. to support his contention that the corporation was formed in "compliance with Chapter 607 and Chapter 621, F.S. (Profit)." (Doc. 125).

### Discussion

The Court finds that the Debtor may not claim the stock in his law firm as exempt on the basis that it is owned with his non-lawyer wife as tenants by the entireties.

### I. The Law Office of Mark A. Adams, P.A. is a professional service corporation.

■ First, the Court finds that the Law Office of Mark A. Adams is a professional service corporation, despite the Debtor's contention that it was formed under both the general corporation laws of Florida and the laws governing professional service corporations.

Chapter 621 of the Florida Statutes governs the formation of professional service corporations in Florida. Generally, the intent of the chapter is to enable licensed professionals to form corporations or similar business organizations for the purpose of providing professional services to the public. Fla. Stat. § 621.01.

In this case, according to the Articles of Incorporation furnished by the Debtor, the name of the corporation at issue is "Law Firm of Mark A. Adams, P.A." The designation "P.A." indicates that the corporation is a professional association, as required by Chapter 621. Section 621.12 of the Florida Statutes, for example, provides that the name of a professional corporation organized under Chapter 621 shall contain the words "professional association" or the abbreviation "P.A." Fla. Stat. § 621.12.

Additionally, the Articles of Incorporation expressly state that the "purpose for which the corporation is organized is to provide legal services." (Doc. 125). In Florida, "[p]ersons not licensed as attorneys-at-law are prohibited from practicing

law within the State of Florida." *In re Bachmann,* 113 B.R. 769, 772 (Bankr. S.D.Fla.1990). Article V, section 15 of the Florida Constitution provides that the "supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted." Fla. Const. art. V, § 15.

The Court acknowledges that the Articles of Incorporation filed by the Debtor also provide that the Law Office of Mark A. Adams, P.A. was organized "in compliance with Chapter 607 and Chapter 621, F.S. (Profit)." Additionally, Chapter 621 states that the provisions of Chapter 607 are applicable to a corporation organized pursuant to Chapter 621. However, Chapter 621 also states that the provisions of Chapter 607 are applicable "except to the extent that any of the provisions of this act are interpreted to be in conflict with the provisions of chapter 607." Fla. Stat. § 621.13(1). Where a conflict appears between the general corporation laws of Florida (Chapter 607) and the laws governing professional service corporations, the provisions of Chapter 621 take precedence with respect to professional service corporations. See Fla. Stat. § 607.0301 and Fla. Stat. § 621.13.

The Law Office of Mark. A. Adams, P.A. was a corporation formed for the purpose of providing professional services to the public, and is governed by Chapter 621 of the Florida Statutes.

## II. The Debtor may not hold stock in the Law Office of Mark A. Adams, P.A. with his non-lawyer spouse.

■ Since the Law Office of Mark A. Adams, P.A. is a professional service corporation, the Debtor is prohibited from owning stock in the corporation with his non-lawyer spouse.

■ It is generally recognized that the organization of professional service corporations is limited to persons who are licensed to practice the profession. *Parker v. Panama City,* 151 So.2d 469, 473 (Fla. 1st DCA 1963). Section 621.05 of the Florida Statutes provides:

### § 621.05. Corporate organization

*One or more individuals,* professional corporations, or professional limited liability companies, in any combination, *duly licensed or otherwise legally authorized to render the same professional services may organize and become a shareholder or shareholders of a professional corporation* for pecuniary profit under the provisions of chapter 607 for the sole and specific purpose of rendering the same and specific professional service.

Fla. Stat. § 621.05(Emphasis supplied). Additionally, the stock of a professional corporation may not be issued to anyone other than "a professional corporation, a professional limited liability company, or an individual who is duly licensed or otherwise legally authorized to render the same specific professional services as those for which the corporation was incorporated." Fla. Stat. § 621.09(1). The statute is generally interpreted to mean that professional service corporations may not issue stock to anyone other than licensed professionals. *In re Six,* 190 B.R. 958, 963 (Bankr. M.D.Fla.1995).

In this case the Debtor asserts that the prohibition does not apply, because his wife does not own stock in the Law Firm individually, but instead owns it as a tenant by the entireties with the Debtor, a licensed attorney. (Doc. 122, p. 13). In making this assertion, the Debtor is apparently referring to the general principle that "property held by husband and wife as tenants by the entireties belongs to

neither spouse individually, but each spouse is seized of the whole." *Beal Bank, SSB v. Almand & Associates,* 780 So.2d 45, 53 (Fla.2001).

■ The Court finds, however, that the prohibition set forth in § 621.05 is designed to preclude non-professionals from acquiring any ownership interest in professional corporations, regardless of the specific nature of the interest.

Rule 4–5.4 of the Rules Regulating the Florida Bar, for example, addresses the stock ownership of professional corporations organized for the practice of law. Rule 4–5.4(e) provides:

**RULE 4–5.4 PROFESSIONAL INDEPENDENCE OF A LAWYER**

. . .

**(e) Nonlawyer ownership of Authorized Business Entity.** A lawyer shall not practice with or in the form of a business entity authorized to practice law for a profit *if:*

(1) *a nonlawyer owns any interest therein,* except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration.

R. Regulating Fla. Bar 4–5.4(e)(Emphasis supplied). This provision appears in the Rule Regulating the Florida Bar that relates to the professional independence of lawyers. The Comment to the Rule states that the prohibition is intended to express "traditional limitations on permitting a third party to direct or regulate the lawyer's professional judgment in rendering legal services to another." The only exception expressed in the Rule is to allow the fiduciary of the estate of a lawyer to hold the stock or interest for a reasonable time during the administration of the estate.

In Missouri, which has a similar restriction, the Court addressed a debtor's claim that the debtor and his non-lawyer wife may have jointly owned part or all of the stock of the debtor's law firm. The Court was skeptical of the claim, noting that a non-professional cannot own stock in a professional corporation under Missouri law, and also noting that the non-lawyer wife's ownership of any interest in the law firm would constitute a violation of the Rules of Professional Conduct. *In re Ryan,* 286 B.R. 141, 153 n. 12 (Bankr. W.D.Mo.2002).

Based on the authorities discussed above, the Court finds that the Debtor cannot own stock in the Law Office of Mark A. Adams, P.A. as a tenant by the entireties with his non-lawyer wife.

■ The organization of professional corporations is limited to licensed professionals. Fla. Stat. § 621.05. No exception to the limitation exists for interests claimed by a lawyer and his non-lawyer spouse as tenants by the entireties. On the contrary, a non-lawyer may not own any interest in a law firm governed by Chapter 621 of the Florida Statutes. As explained in the Comment to Rule 4–5.4 of the Rules Regulating the Florida Bar, the prohibition against such non-lawyer ownership is necessary to preserve the independent professional judgment of attorneys who provide legal services to the public.

**Conclusion**

The issue in this case is whether the Debtor, Mark A. Adams, can claim the stock in his law firm as exempt on the basis that it is owned with his wife as tenants by the entireties. The Court determines that the claimed exemption should not be allowed.

The Law Office of Mark A. Adams, P.A. is a professional service corporation governed by chapter 621 of the Florida Stat-

utes. Pursuant to § 621.05 of the Florida Statutes and the Rules Regulating the Florida Bar, the Debtor's wife, a non-lawyer, may not own any interest in the professional service corporation. Consequently, the Debtor and his wife cannot jointly own the stock as tenants by the entireties.

The Trustee's Supplemental Objection to the Debtor's Property Claimed as Exempt should be sustained.

Accordingly:

**IT IS ORDERED** that:

1. The Supplemental Objection to Properly Claimed as Exempt filed by Lauren P. Greene, as Chapter 7 Trustee, is sustained.

2. The exemption claimed by the Debtor, Mark A. Adams, for personal property described in his schedules as "Stock of Law Office of Mark A. Adams, P.A." is disallowed.