# Third District Court of Appeal

## State of Florida

Opinion filed April 24, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1875
Lower Tribunal No. 13-24033
_____

**Empire Fire and Marine Insurance Company,**
Petitioner,

vs.

**Michael Chmilarski, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

The Law Office of Warren B. Kwavnick, PLLC, and Warren B. Kwavnick (Pembroke Pines), for petitioner.

Mintz Truppman, P.A., and Timothy H. Crutchfield, for respondents.

Before SCALES, MILLER and LOBREE, JJ.

<u>On Order to Show Cause</u>

PER CURIAM.

Empire Fire and Marine Insurance Company ("Empire"), the defendant/counter-plaintiff below, seeks appellate review of a July 10, 2023 order granting partial summary judgment in favor of the plaintiffs/counter-defendants below, Michael Chmilarski and LIAS, Inc. d/b/a AKV Auto (together, "Chmilarski").[1] The order purports to enter partial judgment against Empire and authorize Chmilarski to execute on the judgment. This July 10, 2023 order, however, does not adjudicate two factually related claims – specifically, count III of Chmilarski's operative Fourth Amended Complaint seeking declaratory relief and Empire's counterclaim for rescission of the underlying insurance policy. Our record reflects that these inextricably intertwined claims remain pending.

"Because the order does not complete the judicial labor in the trial court on factually related matters, the order under review does not qualify as a partial final judgment, which would be appealable as a final order." People's Tr. Ins. Co. v. Gonzalez, 318 So. 3d 583, 583 (Fla. 3d DCA 2021) (citing Florida Rule of Appellate Procedure 9.110(k)). Nor is the order one of the enumerated appealable non-final orders set forth in Florida Rule of Appellate Procedure 9.130. Id.

---

[1] Chmilarski filed a notice of cross-appeal of the order.

The order does, however, improperly purport to require Empire to make payment while leaving intertwined factual issues unresolved. For this reason, we treat the matter as a petition for writ of certiorari and quash only those portions of the July 10, 2023 order that purport to require Empire to issue payments to Chmilarski prior to the entry of a final judgment that disposes of the factually intertwined claims. Id. Because we lack jurisdiction to review the challenged order, we *sua sponte* dismiss Empire's appeal and Chmilarski's cross-appeal of the interlocutory order as premature.[2]

Appeal treated as petition and granted, in part, and order quashed, in part; appeal of interlocutory order otherwise dismissed for lack of jurisdiction.

---

[2] After the parties filed their respective notices of appeal, this Court issued orders to show cause questioning our appellate jurisdiction to review the challenged order. "Although the jurisdiction of this court was not questioned by any party, it is our duty to *sua sponte* dismiss any appeal where it is clear we lack appellate jurisdiction under the rules." Dep't of Prof'l Regulation v. Rentfast, Inc., 467 So. 2d 486, 487 (Fla. 5th DCA 1985). We, therefore, dismiss the appeal and cross-appeal without any briefing on, or consideration of, the merits of the challenged order.