DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

PASCO COUNTY,

Appellant,

v.

COASTLINE BOATLIFT COVERS NATURE COAST, LLC;
JEROMY GAMBLE; and REBECCA GAMBLE,

Appellees.

No. 2D2023-1076

_____

June 26, 2024

Appeal pursuant to Fla. R. App. R. 9.130 from the Circuit Court for Pasco County; Kimberly Sharpe Byrd, Judge.

Samuel B. Boundy, Assistant County Attorney, New Port Richey, for Appellant.

James W. Denhardt, Lauren C. Rubenstein, and Zoe Rawls of Law Office of James W. Denhardt, St. Petersburg, for Appellees.

PER CURIAM.

Pasco County appeals the trial court's order granting partial summary judgment in favor of Coastline Boat Lift Covers Nature Coast, LLC, and Rebecca and Jeromy Gamble pursuant to Florida Rule of Appellate Procedure 9.110(k). Rule 9.110(k) allows for appellate review of partial _final_ judgments. *See Bay & Gulf Laundry Equip. Co. v. Chateau*

*Tower, Inc.*, 484 So. 2d 615, 616 (Fla. 2d DCA 1985).  The order before us is a nonfinal, nonappealable order because it contemplates additional judicial labor—the order lacks words of finality and contemplates that the "matter shall remain pending for a determination of all other issues." Accordingly, we dismiss for lack of jurisdiction.[1]  *See S.L.T. Warehouse Co. v. Webb*, 304 So. 2d 97, 99 (Fla. 1974) (stating that an order is only final when "nothing further remains to be done by the court to effectuate a termination of the cause" (citing *Hotel Roosevelt Co. v. City of Jacksonville*, 192 So. 2d 334, 338 (Fla. 1st DCA 1966))).[2]

Dismissed.

SILBERMAN, BLACK, and SMITH, JJ., Concur.

---

Opinion subject to revision prior to official publication.

---

[1] Coastline does not challenge our appellate jurisdiction, but we raise the issue sua sponte.  *See, e.g.*, *Dep't of Pro. Regul. v. Rentfast, Inc.*, 467 So. 2d 486, 487 (Fla. 5th DCA 1985) ("Although the jurisdiction of this court was not questioned by any party, it is our duty to *sua sponte* dismiss any appeal where it is clear we lack appellate jurisdiction under the rules." (citing *Ford Motor Co. v. Averill*, 355 So. 2d 220, 221 (Fla. 1st DCA 1978))).

[2] Pasco County argues that we have jurisdiction under rule 9.110(k) because the remaining counts are not interrelated.  *See, e.g.*, *Roessler v. Novak*, 858 So. 2d 1158, 1160 n.1 (Fla. 2d DCA 2003) ("The partial final summary judgment was an appealable final order because the causes of action set forth in count one . . . and count two . . . were distinct claims which were not interrelated under the facts of the present case." (citing *Webb*, 304 So. 2d at 97)).  However, we find no merit in that argument where the order here is not final and where the dismissed count potentially disposes of all other counts.  *Cf. Marinich v. Special Edition Custom Homes, LLC*, 1 So. 3d 1197, 1200 (Fla. 2d DCA 2009) ("Because the claims in the pending counterclaim are legally interrelated and arise from the same transaction as the declaratory judgment claim, the partial summary judgment is not final for purposes of appeal.").