ORFINGER, Judge.
Sarasota Cloth Fabric & Foam, Inc. (Sarasota) appeals from a summary final judgment entered against it on its counterclaim for conversion.[1] Because we find that a genuine issue of material fact exists, we reverse for trial.
The main action is by Benes, as landlord, against Sarasota, as tenant, for damages resulting from an alleged breach of the lease between the parties. The pertinent count of the counterclaim alleged that the landlord, through its authorized agent, converted certain goods and merchandise belonging to the tenant and sought damages for that conversion. The landlord’s answer denied the claim.
Upon remand following the first appeal, the landlord filed a motion for summary judgment, supporting it with his own affidavit and with the affidavit of Paul Barrie, his employee. Benes’ affidavit contains only legal conclusions which do not suffice to negate the allegations of the counterclaim. Barrie’s affidavit states that after Sarasota vacated the premises and turned over the keys to him, he entered the premises to clean it, and disposed of a bunch of “trash” which had been left behind by Sarasota. In response, the tenant filed the affidavit of its president, John Bass, in which he asserted, among other things, that pursuant to an agreement with Benes, certain goods and merchandise belonging to Sarasota were left behind for inspection by the landlord for the purpose of determining the extent of water damage to that merchandise during the lease term.
Whether the merchandise left behind was trash or treasure, or whether it was abandoned as claimed by the landlord or left for appraisal pursuant to an agreement between the parties was a factual dispute *1356 not capable of resolution by summary judgment.
REVERSED.
COBB and COWART, JJ., concur.

. In a previous appeal, this court held that the count in appellant’s counterclaim which alleged a conversion of its goods by appellee was permissive, and that an order finally dismissing that count for failure to state a cause of action was appealable as a separate and distinct claim not interdependent with the other pleaded claims. Sarasota Cloth Fabric & Foam, Inc. v. Benes, 482 So.2d 574 (Fla. 5th DCA 1986). For these same reasons, the final summary judgment as to that count is appealable as well.