566 So.2d 327 (1990)
Philip H. JOHNSON and Virginia E. Johnson, Appellants,
v.
ALLEN, KNUDSEN, DeBOEST, EDWARDS & RHODES, P.A., F/K/a Allen, Knudsen, Swartz, DeBoest, Rhodes & Edwards, P.A., a Florida Professional Association, and George T. Swartz, Appellees.
No. 89-02218.
District Court of Appeal of Florida, Second District.
August 24, 1990.
Robert E. Doyle, Jr., and J. Michael Coleman of Asbell, Hains, Doyle & Pickworth, P.A., Naples, for appellants.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellees.
FRANK, Judge.
This action was begun by the appellee, Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A., against the Johnsons for the payment of legal fees. The Johnsons counterclaimed alleging legal malpractice against the appellee and in a third party complaint impleaded one of the law firm's former partners, Swartz. The trial court dismissed the Johnsons' counterclaim and the third party complaint in a single order. The Johnsons appealed that order but we dismissed that aspect of the appeal seeking review of the order terminating the counterclaim on the ground it was not appealable. The appeal has continued, however, as to the dismissal of the third party complaint. We reverse.
In assessing the sufficiency of the third party complaint, the trial court drew upon and in its dismissal order alluded to earlier *328 pleadings arising from a separate action involving issues related to those at hand. It determined that the Johnsons' third party complaint was time barred and dismissed it with prejudice. The Johnsons' unsuccessfully sought leave in a motion for rehearing to amend the third party complaint.
Our jurisprudence governing motions to dismiss does not permit reference to the pleadings in a separate and distinct action in determining whether the subject proceeding is barred by a statute of limitation. Hofer v. Ross, 481 So.2d 939 (Fla. 2d DCA 1985). Of equal certainty is the proposition that leave to amend is to be liberally granted. The trial court erred in its failure to observe the foregoing principles.
Accordingly, we vacate the trial court's order dismissing the third party complaint and remand for further proceedings consistent with this opinion.
SCHOONOVER, C.J., and LEHAN, J., concur.