603 So.2d 595 (1992)
Janie Rifkin MERMEL, Appellant,
v.
Joel RIFKIN, Appellee.
No. 92-1422.
District Court of Appeal of Florida, Third District.
July 21, 1992.
Rehearing Denied September 8, 1992.
Gonzalo R. Dorta, Miami, for appellant.
Herzfeld & Rubin and Carolyn A. Pickard, Miami, for appellee.
Before HUBBART, COPE and LEVY, JJ.

ON MOTION TO DISMISS AND MOTION TO REVIEW STAY
PER CURIAM.
The appeal from a circuit court order granting a motion to dismiss with prejudice as to count I of the defendant Janie Rifkin *596 Mermel's counterclaim is dismissed because this court has no jurisdiction to review the subject order. Aside from the technical flaw that the order does not, in fact, dismiss count I of the counterclaim, see Gries Inv. Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), the order under review is clearly not, as urged, a final appealable order even if it did not contain this flaw. This is so because (a) two other counts of the defendant's counterclaim remain pending in the trial court, (b) the complaint in the main action also remains pending in the trial court, and (c) count I of the counterclaim is not otherwise factually or legally severable from the main complaint [indeed the counterclaim is compulsory in nature] or the other counts of the counterclaim. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); Taussig v. Insurance Co. of North America, 301 So.2d 21 (Fla. 2d DCA 1974); compare Mendez v. West Flagler Family Ass'n, 303 So.2d 1 (Fla. 1974). Moreover, it is undisputed that this nonfinal order is not otherwise appealable as an interlocutory order under Rule 9.130(a), Florida Rules of Appellate Procedure.
This dismissal necessarily renders moot the motion to review the trial court's order granting a stay pending the instant appeal. The stay is obviously of no force and effect upon the dismissal of the subject appeal.
Appeal dismissed.