621 So.2d 507 (1993)
Virginia E. JOHNSON, and Virginia E. Johnson, As Personal Representative of the Estate of Philip H. Johnson, Deceased, Appellants,
v.
ALLEN, KNUDSEN, DeBOEST, EDWARDS & RHODES, P.A., f/k/a Allen, Knudsen, Swartz, DeBoest, Rhodes & Edwards, P.A., a Florida Professional Association, and George T. Swartz, Appellees.
No. 92-02131.
District Court of Appeal of Florida, Second District.
July 2, 1993.
J. Michael Coleman, Asbell, Hains, Doyle & Pickworth, P.A., Naples, for appellants.
Gerald W. Pierce, Henderson, Franklin, Starnes & Holt, P.A. Fort Myers, for appellees.
PER CURIAM.
We find no error in the trial court's order granting summary judgment in favor of George T. Swartz, one of the appellees herein. We agree with the appellants, Philip H. and Virginia E. Johnson, however, that the trial court erred in granting summary judgment in favor of Allen, Knudsen, DeBoest, Edwards, & Rhodes, P.A. (Allen, Knudsen), the other appellee herein. We therefore reverse the trial court's order in part.
This case is before us for the fourth time on appeal. Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A., 580 So.2d 333 (Fla. 2d DCA 1991), hereinafter to be referred to as Johnson III, was the third such appeal. In Johnson III, this *508 court succinctly set forth the relevant facts and procedural history of this case as follows:
Allen, Knudsen ... sued the Johnsons for attorneys' fees earned by litigation in 1984 and 1985. The Johnsons counterclaimed for malpractice committed during the litigation and during real property transactions giving rise to the litigation. The Johnsons also filed a third party complaint against George Swartz, who was associated with the law firm at the time of the malpractice. The trial court, in a single order, dismissed the counterclaim and the third party complaint based on the defense of statute of limitations. The trial court also denied the Johnsons' motion to amend their counterclaim. The Johnsons attempted to appeal the nonfinal order dismissing their counterclaim,[1] but this court denied the appeal for lack of jurisdiction. Johnson v. Allen, Knudsen, et al., 557 So.2d 872 (Fla. 2d DCA 1990) (Johnson I). The order however was final as to Swartz, and this court accepted review in Johnson v. Allen, Knudsen, et al., 566 So.2d 327 (Fla. 2d DCA 1990) (Johnson II). Thereafter, the law firm dismissed its complaint,[2] and the order of dismissal of the Johnsons' counterclaim became final and appealable. This order is before us again for review.
We reverse for the same reasons stated in Johnson II: that is, that the trial court erred in going outside the pleadings to determine the effect of the statute of limitations defense, and in denying the Johnsons' motion to amend their counterclaim.
Johnson III.
After this court's holding in Johnson III, the Johnsons filed two amended counterclaims as to Allen, Knudsen and three amended third-party claims as to Swartz. Allen, Knudsen and Swartz thereafter filed motions for summary judgment, arguing, among other things, that the Johnsons' claims for malpractice and negligence were barred by all applicable statutes of limitation. In May 1992, the trial court entered an order granting summary final judgment in favor of both Allen, Knudsen and Swartz with regard to the Johnsons' second-amended counterclaim and third-amended third-party complaint, respectively. The Johnsons thus filed a timely notice of appeal in this court.
On appeal, the Johnsons argue that though a claim may be barred by the running of applicable statutes of limitation when that claim has been asserted in an independent action, such is not the case where that same claim is raised in a compulsory counterclaim. Though Allen, Knudsen agrees with that proposition, it argues that the Johnsons' counterclaim here was not a compulsory one. Specifically, Allen, Knudsen asserts that its original action to recover fees was based on an agreement in which the Johnsons promised to pay for services rendered at an hourly rate. Allen, Knudsen contends that the Johnsons' counterclaim for malpractice and negligence does not relate to that agreement  thus, it cannot be deemed compulsory.
A counterclaim is considered compulsory if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction." Fla.R.Civ.P. 1.170. Since the Johnsons' counterclaim was based on the same representation for which Allen, Knudsen sought to recover fees, we must find that it arose out of the same transaction or occurrence as Allen, Knudsen's original action. The Johnsons' counterclaim was, therefore, a compulsory one. We must also find that since statutes of limitation do not apply to compulsory counterclaims pursuant to Allie v. Ionata, 503 So.2d 1237, 1240 (Fla. 1987), Allen, Knudsen's argument that Allie is inapplicable to the instant case has no merit.
The Johnsons also contend that, despite Allen, Knudsen's argument to the contrary, *509 Allen, Knudsen's voluntary dismissal of its original cause does not extinguish their right to now appeal the earlier dismissal of their counterclaim. Allen, Knudsen, of course, contends that since the Johnsons' counterclaim was dismissed with prejudice before Allen, Knudsen voluntarily dismissed its case, there was effectively no counterclaim pending at the time of the voluntary dismissal. It is, thus, Allen, Knudsen's position that the counterclaim cannot now be resurrected for purposes of this appeal.
The dismissal of a compulsory counterclaim with prejudice is not considered a final disposition and is, thus, not appealable until a final disposition of the original cause has obtained on the merits. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); Taussig v. Insurance Company of North America, 301 So.2d 21 (Fla. 2d DCA 1974); Mermel v. Rifkin, 603 So.2d 595 (Fla. 3d DCA 1992); Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987); Sarasota Cloth Fabric & Foam, Inc. v. Benes, 482 So.2d 574 (Fla. 5th DCA 1986). See also Johnson v. Allen, Knudsen, 566 So.2d 327 (Fla. 2d DCA 1990) (Johnson II). Further, "if a counterclaim has been served by a defendant prior to service upon the defendant of the plaintiff's notice of dismissal, the action shall not be dismissed against defendant's objections unless the counterclaim can remain pending for independent adjudication by the court." Fla.R.Civ.P. 1.420(a)(2).
Since the Johnsons' counterclaim was dismissed with prejudice, the Johnsons were unable to seek review of the dismissal thereof until a final disposition of Allen, Knudsen's original cause. For that reason, the Johnsons' counterclaim must now be considered to be pending, as any remedy from the dismissal thereof with prejudice survived a final adjudication on the merits of the original complaint. To allow a voluntary dismissal of the original cause to otherwise cut off the Johnsons' rights under the counterclaim would be a clear violation of rule 1.420(a)(2). See Johns v. Puca, 143 So.2d 568 (Fla. 2d DCA 1962).
Since the issues addressed herein are dispositive of the case, we do not address the remaining issues raised in this appeal.
Accordingly, the trial court's entry of summary judgment in favor of Allen, Knudsen is hereby reversed and the cause remanded with directions consistent with this opinion.
SCHOONOVER, A.C.J., and HALL and PATTERSON, JJ., concur.
NOTES
[1] The record reflects that the counterclaim in Johnson III was dismissed with prejudice.
[2] This was a voluntary dismissal to which the Johnson's had objected.