674 So.2d 783 (1996)
Wayne Enzor CAMPBELL, Appellant,
v.
Susan Campbell GORDON and Husband, Guy Bruce Gordon, Appellees.
No. 95-1967.
District Court of Appeal of Florida, First District.
April 26, 1996.
Rehearing Denied June 17, 1996.
*785 Ferrin C. Campbell Sr. of Ferrin C. Campbell Sr., P.A., Crestview, for Appellant.
Gregory D. Smith of Gregory D. Smith, P.A., Pensacola, for Appellees.
BENTON, Judge.
Wayne Enzor Campbell asks us to reverse the summary judgment entered on the counterclaim he filed in a partition action his former wife, Susan Campbell Gordon, brought. Her present husband, Guy Bruce Gordon, was later made an additional party plaintiff. Although the suit for partition remains pending, we conclude that we have jurisdiction over the final judgment on the counterclaim, affirm in part, reverse in part, and remand for further proceedings.

Judgment on Counterclaim Appealable
"[P]iecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction." Mendez v. West Flagler Family Ass'n, Inc., 303 So.2d 1, 5 (Fla.1974). While "most partial judgments are interrelated with remaining portions of the case and thus not final and not immediately appealable," Bay & Gulf Laundry Equip. Co., Inc. v. Chateau Tower, Inc., 484 So.2d 615, 616 (Fla. 2d DCA 1985), "when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed[[1]] of appeal because of the pendency of other claims between the parties." Mendez, 303 So.2d at 5.
In the present case, the complaint sought partition of certain real estate Susan Campbell Gordon and Wayne Enzor Campbell owned as tenants in common. The complaint also named First City Bank of Fort Walton as a defendant, alleging that the bank might have a claim against Mr. Campbell's interest "by virtue of a final judgment against" Mr. Campbell and others, which the bank had recorded in the official records of Okaloosa County, where the property lies. The final summary judgment as to counterclaim does not address the allegations of the complaint.
In determining whether a partial final judgment is appealable, "it makes no essential difference whether the distinct cause of action arises in a plaintiff's complaint or in a defendant's counterclaim or crossclaim." Id. Because a "pleader may set up in the same action as many claims or causes of action ... as the pleader has," Fla.R.Civ.P. 1.110(g), different counts can contain separate and distinct legal matters, just as counterclaims, crossclaims, and third-party claims can. But the difference between a compulsory counterclaim and a permissive counterclaim may be determinative:
The dismissal of a compulsory counterclaim with prejudice is not considered a final disposition and is, thus, not appealable until a final disposition of the original cause has obtained on the merits. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974); Taussig v. Insurance Company of North America, 301 So.2d 21 (Fla. 2d DCA 1974); Mermel v. Rifkin, 603 So.2d 595 (Fla. 3d DCA 1992); Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987); Sarasota Cloth Fabric & Foam, Inc. v. Benes, 482 So.2d 574 (Fla. 5th DCA 1986).
Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, 621 So.2d 507, 509 (Fla. 2nd DCA 1993); Dennis v. Pavlakos, 464 So.2d 1323 (Fla. 5th DCA 1985). By definition, a permissive counterclaim is "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fla. R.Civ.P. 1.170(b). A partial final judgment adjudicating a permissive counterclaim is, therefore, ordinarily appealable. Sarasota Cloth Fabric & Foam, Inc. v. Benes, 482 So.2d 574 (Fla. 5th DCA 1986); Chinos Villas, *786 Inc. v. Bermudez, 448 So.2d 1179 (Fla. 3d DCA 1984).
Here the counterclaim states four counts. Both counts one and two of the counterclaim state claims altogether separate, distinct, and independent from the partition proceeding. These first two counts allege debts Mr. Campbell asserts his former wife owes him. Neither debt bears any direct relationship[2] to the parcel Ms. Gordon seeks to partition, as far as can be told from the record on appeal. As to the permissive counterclaims stated in counts one and two, the final summary judgment as to the counterclaim is clearly appealable.
Counts three and four of the counterclaim allege that Ms. Gordon fraudulently conveyed half of her undivided interest in the parcel in controversy to her new husband, and that she conspired with him to accomplish the fraudulent conveyance, in an effort to avoid payment of debts alleged in counts one and two. In the final summary judgment, the trial court ruled[3] in the Gordons' favor on the first two counts, and concluded that "if those two ... fall, then the causes of action under Counts III and IV of the subject Counter-Claim must fall as well." Because we agree with the learned trial court that counts three and four are inextricably bound up with the permissive claims set out in counts one and two of the counterclaim, we conclude that the final summary judgment as to counterclaim is appealable as to these counts, also.[4]

Count One
Count one of the counterclaim alleges that, on November 4, 1991, the marriage between Mr. Campbell and Ms. Gordon was dissolved by an agreed final judgment incorporating the parties' stipulated division of marital assets and liabilities. Paragraph seven of the dissolution judgment provides:
DISTRIBUTION OF OTHER DEBTS.
The parties shall remain jointly liable for any income tax liabilities arising out of any transactions, judgments or other financial events which first occurred during their marriage, without regard to when such liability manifests itself. Each of the parties hereto agree to indemnify and hold the other harmless for their one-half of any said tax liabilities paid by the other of them. The Wife shall indemnify and hold the Husband harmless for one-half of all sums which he may actually pay to any judgment lienholder or collateral creditors whose claims may arise by and through that liability owed to a judgment lienholder. The Husband shall be solely liable for payment of the unpaid balance due on the debt to his parents. Each of the parties shall be responsible for payment of the cost of the appraisal of the real estate they are awarded by this Judgment and shall share equally the cost of the Redstone Road property appraisal. All of said appraisal costs shall be paid from the proceeds of sale of the Redstone Road Property at the closing of said sale.
(Emphasis added.) Count one of the counterclaim alleges that First City Bank obtained a final summary judgment against Mr. Campbell and others in the amount of $425,752.53 on June 24, 1988, before dissolution of the parties' marriage.
*787 Count one of the counterclaim further alleges that, after the dissolution and after the bank assigned the judgment to two of the other debtors, Mr. Campbell paid $75,000 and executed a promissory note for $25,000 to satisfy the judgment debt. Addressing the contention that he is entitled, pursuant to paragraph seven of the final judgment of dissolution of marriage, to recover from Ms. Gordon one-half of all sums he has paid and will pay in the future to retire this obligation, the trial court ruled:
1. That the first and second sentences of paragraph seven (7) of the Final Judgment of Dissolution of Marriage relates only to income tax liability. The sentences do not make the ex-wife jointly liable for all judgments. While the first sentence refers to "judgments", the Court finds that the word "judgments" is used to modify and qualify the underlying liability which the sentence deals with, i.e. income tax liabilities.
2. The sentences only make the parties jointly liable for income taxes and for indemnification, if they both signed joint income tax returns.
3. The sentences do not make the ex-wife liable for debts that she was not previously liable thereon and only address "income tax liabilities". There being no material issues of fact or law, the Court grants the Motion for Summary Judgment as related to Count I of the Counterclaim of the ex-husband.
This construction gives no effect to the third sentence "of paragraph seven (7) of the Final Judgment of Dissolution of Marriage," unless the Internal Revenue Service should obtain a judgment against one of the former spouses. The plain language of the third sentence applies to "any judgment lienholder," not just to (apparently nonexistent) holders of judgments obtained by the Internal Revenue Service.
Paragraph seven deals with more than income tax liability. It purports to be that part of the consent judgment assigning responsibility as between the parties for all debts not specifically addressed elsewhere in the judgment. Unless the third sentence is construed to apply to judgment debt like that alleged in count one of the counterclaim, neither paragraph seven nor the judgment as a whole treats this important topic. The third sentence of paragraph seven is the only specific provision for debts reduced to judgment at the time of the decreeand the allegation is that at least one such judgment existed.
Accordingly, we reverse the final summary judgment as to count one. On remand, counterclaimant should be afforded an opportunity to prove his allegation that at the time of the divorce decree a judgment lien existed, and that he subsequently paid its holder; and so establish that he is entitled to indemnification from Ms. Gordon for one-half of all sums which he has actually paid.

Count Two
Count two of the counterclaim alleges that Mr. Campbell paid $12,000 to Drew S. Pinkerton on account of a final judgment in foreclosure Mr. Pinkerton obtained against Mr. Campbell, Ms. Gordon, and others in Pinkerton v. Campbell, No. 92-1413-CA (Fla. 1st Cir. June 30, 1992), in the amount of $217,679.55. Count two does not indicate why Mr. Campbell had a duty to pay the $12,000 he alleges he paid on a foreclosure (not a deficiency) judgment.
The copy of the foreclosure judgment attached as an exhibit to the counterclaim reveals that it was not entered until after dissolution of the marriage. As Mr. Campbell concedes, therefore, Mr. Pinkerton is not a "judgment lienholder" within the meaning of the consent judgment dissolving the Campbells' marriage. For that reason, no payments to him could give rise to indemnification rights under paragraph seven of the dissolution decree. But Mr. Campbell urges reversal of summary judgment as to count two on the basis of supposed common law principles of contribution.
"[A]n obligor who has paid in excess of his prorata share of the obligation, is entitled at law to contribution from the other obligors for their aliquot share." Fletcher v. Anderson, 616 So.2d 1201, 1202 (Fla. 2d DCA 1993); accord Meckler v. Weiss, 80 So.2d 608 (Fla.1955); Berkan v. Brown, 242 So.2d 207 *788 (Fla. 3d DCA 1970), cert. denied, 246 So.2d 111 (Fla.1971). See also Restatement of Restitution § 81 (1936) ("Unless otherwise agreed, a person who has discharged more than his proportionate share of a duty owed by himself and another as to which, between the two, neither had a prior duty of performance, is entitled to contribution from the other, except where the payor is barred by the wrongful nature of his conduct.").
The right to contribution arises only when an obligor pays more than his proportionate share. "A person who, with another, is subject to a duty as to which between the two neither has a prior duty of performance, is entitled to contribution from the other when, and only when, he has discharged more than his proportionate share, if the time for performance has arrived." Restatement of Restitution § 82(1) (1936). While count two alleges "that Susan was also credited for the payment," it does not plead that Mr. Campbell paid more than his proportionate share of the $217,679.55 for which he alleged he, Ms. Gordon, and three other defendants were jointly and severally indebted. Accordingly, we affirm the final summary judgment as to counterclaim as to count two.

Fraudulent Conveyance Alleged
Some eleven months after Susan Campbell Gordon filed her complaint for partition, she filed a motion to add necessary party, attaching a copy of a warranty deed antedating the motion by about six weeks. The deed named her new husband, appellee Guy Bruce Gordon, as grantee and purported to convey an undivided half interest in the property as to which the partition complaint was pending. The deed recited: "There is no consideration for this conveyance because it is a gift from Wife to Husband."
Count three of the counterclaim seeks to set aside this conveyance, alleging that
Susan made such conveyance and transfer with the intent to hinder, delay and defraud Wayne, and to prevent Wayne from collecting and receiving from the proceeds from any sale of the property, on execution or otherwise, the amount due Wayne on his claim against her under the provisions of paragraph 7 of the final judgment dissolving their marriage....
Count four alleges that Mr. and Mrs. Gordon conspired to accomplish the fraudulent conveyance.
Inasmuch as we are reversing the final summary judgment as to counterclaim as to count one, we also reverse as to counts three and four, which have consistently been treated as pendent, and remand for further proceedings consistent with this opinion. We affirm the final summary judgment as to counterclaim as to count two.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] Since Mendez, the appellate rules have been amended to make partial final judgments "reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case." Fla.R.App.P. 9.110(k).
[2] One of the alleged debts purportedly arose when appellant satisfied a bank obligation for which his former wife was partially responsiblebut not before the bank obtained a judgment against appellant which, once it was recorded, encumbered the parcel sought to be partitioned (along with any other real estate Mr. Campbell may have owned in Okaloosa County). This attenuated connection does not render the counterclaim stated in count one compulsory.
[3] In an antecedent order on the Gordons' motion for summary judgment, the trial court, after ruling in the Gordons' favor on the first two counts, decided that its ruling meant that "the remaining counts are moot."
[4] The 1984 amendment to the appellate rule "does not make all partial judgments immediately appealable nor does it expand in any way the class of orders immediately appealable." Bay & Gulf Laundry Equip. Co., Inc. v. Chateau Tower, Inc., 484 So.2d 615, 616 (Fla. 2d DCA 1985); Pellegrino v. Horwitz, 642 So.2d 124 (Fla. 4th DCA 1994). Adjudication of a question of ownership that does not totally dispose of an entire case as to any party to a partition proceeding is ordinarily interlocutory. Even if final in form, such a ruling is not appealable till entry of the "final judgment in the entire case," Fla.R.App.P. 9.110(k), absent unusual circumstances.