793 So.2d 125 (2001)
INNOVATIVE MEDICAL SERVICES, INC., Appellant,
v.
David W. REITZ and Stephen H. Durland, Appellees.
No. 2D99-2082.
District Court of Appeal of Florida, Second District.
August 17, 2001.
*126 Richard M. Zabak of Shackleford, Farrior, Stallings, & Evans, P.A., Tampa, for Appellant.
Susan W. Fox and Brendan M. Lee of Macfarlane Ferguson & McMullen, Tampa, co-counsel for Appellee, David W. Reitz.
William Sumner Scott of The Scott Law Firm, P.A., Miami, for Appellee, Stephen H. Durland.
PER CURIAM.
Innovative Medical Services, Inc. (IMS) appeals the dismissal with prejudice of the second amended counterclaim that it filed in response to a breach of contract action initiated against it by Zedburn, Inc., and David W. Reitz. The underlying dispute arose out of a business agreement in which Zedburn agreed to assist IMS in making a public offering of its stock. We affirm in part and reverse in part.
In its second amended counterclaim, IMS asserted that Reitz was the sole shareholder of Zedburn and that Zedburn was a shell corporation through which Reitz, individually and in concert with others, conducted an enterprise which carried out the activities that are the subject of the counterclaim. IMS identified Stephen H. Durland, an accountant, as one of the principals of the enterprise. The general allegations in the second amended counterclaim are that during the summer of 1993, Reitz represented to the president of IMS that he and his company, Zedburn, had the experience and expertise necessary to process registration statements so that IMS could make a public offering of its stock. Following these conversations, Reitz mailed introductory materials indicating that Zedburn had some public offerings currently under way, that it had a legal department staffed by counsel experienced with Securities Exchange Commission (SEC) and state securities work, and that it utilized accountants who were members of the SEC practice section of the American Institute of Certified Public Accountants. IMS alleged that these statements exaggerated the credentials of Zedburn and its professionals in order to induce IMS to enter into a contractual agreement and that Zedburn and Reitz made similar promotional statements to other potential clients. IMS complained that statements and representations made by Reitz to induce IMS to enter into the contract were false and misleading and that the services were not performed in the time or manner promised.
The second amended counterclaim set forth seven counts. Count I was asserted against Reitz, Durland, and others, and was based on Florida's Civil Remedies for Criminal Practices Act, sections 772.101.19, Florida Statutes (1993). Counts II and III were directed against Reitz, Durland, and Zedburn, and alleged intentional misrepresentation and negligent misrepresentation, respectively. Count IV was asserted against Reitz and Zedburn and alleged a breach of the public offering agreement. Count V was asserted against Reitz, Zedburn, and another person not involved in this appeal and alleged a breach of the subscription agreement. Count VI was directed against Reitz, Zedburn, and another person not involved in this appeal and sought imposition of a constructive trust upon the shares of IMS stock that were the subject of the subscription agreement. Count VII was directed solely against Durland and sought a declaratory judgment that a letter agreement between Durland and IMS was an illegal contract.
The issue raised in this appeal is whether the trial court erred by dismissing the second amended counterclaim in its entirety with prejudice. The trial court's order fails to set forth any reasoning for *127 the dismissal, and the record before us contains no transcript of any oral rulings. Nevertheless, we are required to review the second amended counterclaim de novo and determine, as a matter of law, whether each count states a cause of action. Rittman v. Allstate Ins. Co., 727 So.2d 391 (Fla. 1st DCA 1999). We have reviewed the second amended counterclaim, considered the arguments raised in the briefs, and affirm the dismissal with prejudice as to count I without discussion. As to the remaining counts, we reverse.
Neither the economic loss rule nor the provisions of the agreement between IMS and Zedburn bar the claims set forth in counts II and III. We conclude that the allegations in these two counts state a cause of action for intentional misrepresentation and negligent misrepresentation, respectively, as to both Reitz and Durland. As to counts IV and V, we agree with IMS that the allegations state a cause of action for breach of contract. We likewise agree that count VI states a cause of action for constructive trust. As to count VII, we are at a loss to understand the dismissal. Durland's motion to dismiss count VII of the first amended counterclaim was denied. Durland's motion to dismiss the second amended counterclaim did not specifically seek dismissal of count VII, and we can discern no reason why the trial court concluded that it failed to state a claim for a declaratory judgment because it appears to contain the requisite allegations.
Accordingly, we affirm the dismissal with prejudice of count I, reverse the dismissal as to the remaining counts, and remand for further proceedings.
FULMER, A.C.J., and NORTHCUTT and SALCINES, JJ., Concur.