8 So.3d 438 (2009)
A.W. CUNNINGHAM a/k/a Wayne Cunningham, Appellant,
v.
MBNA AMERICA BANK, N.A., a National Banking corporation, Appellee.
No. 2D07-2909.
District Court of Appeal of Florida, Second District.
April 3, 2009.
*439 Debra J. Sutton and Sara-Jean Palmer of Sutton Law Firm, Bartow; Neal L. O'Toole of Lilly O'Toole & Brown LLP, Bartow, for Appellant.
Richard E. Landman and George N. Andrews of Akerman Senterfitt, Fort Lauderdale, for Appellee.
LaROSE, Judge.
A.W. Cunningham appeals the trial court's order granting MBNA America Bank, N.A.'s motion to dismiss his second amended counterclaim. Because the trial court erred in dismissing, with prejudice, two permissive claims, we reverse, in part, and remand for further proceedings.
This case has a lengthy history but can be summarized concisely. MBNA issued a credit card in Mr. Cunningham's name, but allegedly without his knowledge, to a third party, presumably his ex-wife. Some two years later, MBNA placed the account in default for nonpayment. At about that time, Mr. Cunningham learned of the unpaid *440 debt. Through counsel, he disputed liability.
MBNA tried to collect from Mr. Cunningham. Pursuant to the credit card agreement, MBNA instituted arbitration in Maryland before the National Arbitration Forum. Although he knew of these proceedings, Mr. Cunningham did not participate in the arbitration. The arbitrator entered an award of over $21,000 in favor of MBNA. Mr. Cunningham knew of the award.
MBNA filed a complaint and an amended complaint in the trial court seeking damages and domestication of the arbitration award. Essentially, MBNA sought confirmation of the award. See 9 U.S.C. § 9 (2000); § 682.12, Fla. Stat. (2001). Mr. Cunningham filed a counterclaim, twice amended, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 (2001), the Florida Consumer Collection Practices Act (FCCPA), sections 559.55-.785, Florida Statutes (2001), and assorted claims of defamation, abuse of process, and negligence.
The trial court dismissed the counterclaim with prejudice. It ruled that the counterclaim was a disguised attempt to vacate the arbitration award and to relitigate issues that could or should have been raised in the arbitration proceedings. The trial court concluded that Mr. Cunningham had not sought to vacate the arbitration award in a timely manner under the Florida Arbitration Code. See § 682.13.[1] Apparently, the trial court did not consider the factual allegations of the counterclaim or the events giving rise to the counterclaim.
The trial court did not enter a final judgment on MBNA's main claim or otherwise confirm the arbitration award. See 9 U.S.C. § 9; § 682.12. Consequently, we must satisfy ourselves that the order before us is appealable. See Fla. R.App. P. 9.030(b). According to Mr. Cunningham, the counterclaim was permissive, making the trial court's dismissal with prejudice a final appealable order. See Fla. R.App. P. 9.030(b)(1)(A). We agree, in part. An order dismissing a permissive counterclaim is a final order subject to appeal, provided the order otherwise meets the test of finality. See Philip J. Padovano, Florida Appellate Practice § 22.4, at 450 (2009 ed.) (citing Sarasota Cloth Fabric & Foam, Inc. v. Benes, 502 So.2d 1354 (Fla. 5th DCA 1987); Campbell v. Gordon, 674 So.2d 783 (Fla. 1st DCA 1996)); see also Yunger v. Oliver, 803 So.2d 884, 888 (Fla. 5th DCA 2002) (affirming order on appeal and holding that two permissive counterclaims were properly stricken by the trial court as sham pleadings; finding three counterclaims to be compulsory counterclaims that must await an appeal from the final judgment). In contrast, the dismissal of a compulsory counterclaim, with prejudice, is not an appealable final order until a final disposition of the underlying case. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974); Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A., 621 So.2d 507 (Fla. 2d DCA 1993).
Florida Rule of Civil Procedure 1.170 addresses the distinction between compulsory and permissive counterclaims:
(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the *441 subject matter of the opposing party's claim....
(b) Permissive Counterclaim. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.
Under Londono v. Turkey Creek, Inc., 609 So.2d 14, 20 (Fla.1992), the "logical relationship" test determines whether a counterclaim is compulsory:
A claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis for both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.
Simply stated, a compulsory counterclaim arises out of the same transaction or occurrence as the plaintiff's claim. Aguilar v. Southeast Bank, N.A., 728 So.2d 744, 746 (Fla.1999); Arch Aluminum & Glass Co., Inc. v. Haney, 964 So.2d 228, 236 (Fla. 4th DCA 2007).
We consider the allegations in the counterclaim as true and in the light most favorable to Mr. Cunningham. See Londono, 609 So.2d at 18; Pondella Hall For Hire, Inc. v. Lamar, 866 So.2d 719, 721 (Fla. 5th DCA 2004). Such a reading of the counterclaim demonstrates that Mr. Cunningham's claims for violations of the FDCPA and the FCCPA, and for abuse of process, attack MBNA's alleged misuse of the arbitration process to secure payment of a credit card debt. These counts are compulsory; they are inextricably tied to the transaction or occurrence underlying MBNA's claim. Consequently, to the extent the trial court order dismissed those claims, the order is not appealable and we are compelled to dismiss the appeal as to those claims. See S.L.T. Warehouse, 304 So.2d at 99-100; W. Fla. Med. Clinic, P.A. v. Kumari, 996 So.2d 966 (Fla. 1st DCA 2008).
However, Mr. Cunningham's claims for defamation and negligence appear permissive. The allegations, though sketchy, suggest that those claims arise out of events not necessarily related, temporally or on the merits, to MBNA's efforts to secure compensation through arbitration. Thus, we conclude that the order granting MBNA's motion to dismiss is appealable as to those claims. See Johnson, 621 So.2d at 508. Those claims should have been dismissed with leave to amend. See generally Innovative Med. Servs., Inc. v. Reitz, 793 So.2d 125, 127 (Fla. 2d DCA 2001) (explaining that appellate court reviews counterclaims de novo and determines, as a matter of law, whether each count states a cause of action).
Dismissed in part, reversed in part, and remanded.
NORTHCUTT, C.J., Concurs.
SILBERMAN, J., Concurs in part and dissents in part with opinion.
SILBERMAN, Judge, concurring in part and dissenting in part.
I concur with the majority that Mr. Cunningham's counterclaims for violation of the Fair Debt Collection Practices Act, violation of the Florida Consumer Collection Practices Act, and abuse of process are compulsory counterclaims that are not reviewable in this appeal. However, I disagree that the counterclaims for defamation and negligence are permissive rather than compulsory and that they are reviewable in this appeal.
The defamation and negligence counterclaims, like Mr. Cunningham's other counterclaims, *442 are logically related to MBNA's complaint for damages and domestication of its arbitration award. MBNA is seeking payment that is allegedly due as a result of transactions made on a credit card issued in Mr. Cunningham's name. MBNA obtained an arbitration award for nonpayment of the transactions and then filed suit in the trial court to recover its damages. Mr. Cunningham's counterclaims, as pleaded, all arise from the same core of operative facts that give rise to MBNA's claim: MBNA issued a credit card in Mr. Cunningham's name; it allowed credit transactions to be made on the card; it pursued collection efforts, including arbitration proceedings, to recover payment; and it instituted suit to recover payment. In addition, the defamation and negligence counterclaims assert legal rights that would not have arisen had MBNA not pursued payment for the credit card transactions. For example, in the defamation counterclaim, Mr. Cunningham asserts that MBNA engaged in misconduct by falsely notifying credit reporting agencies that he had defaulted and had failed to pay the financial obligations arising from the credit card transactions. In the negligence counterclaim, Mr. Cunningham asserts that MBNA breached statutory and other duties by opening the credit card account and extending credit in his name; in allowing the unauthorized use of his "identification and information without verification"; in harassing him to collect the unpaid charges; in pursuing "an unauthorized and invalid Arbitration Award" against him; and in filing suit against him while knowing that he was not liable for the indebtedness.
Based on the operative facts giving rise to Mr. Cunningham's counterclaims, I cannot agree that the defamation and negligence counts are permissive counterclaims. In my view, all of Mr. Cunningham's claims are compulsory counterclaims that must await an appeal from the final judgment. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 100 (Fla.1974); Yunger v. Oliver, 803 So.2d 884, 887 (Fla. 5th DCA 2002). Accordingly, I would dismiss this appeal.
NOTES
[1] We note that the arbitration agreement is governed by the Federal Arbitration Act. See 9 U.S.C. §§ 1-16 (2000).