On Motion for Reheating or Clarification

PER CURIAM.
Following the Court’s consideration of the appellee’s motion for rehearing or clarification, the Court denies the motion for rehearing, grants in part the motion for clarification, and issues the opinion which follows in place of the opinion filed October 21, 2009.
The Haven Center, Inc., appeals a final summary judgment disposing of both its counterclaims against Homero Meruelo, the plaintiff below. That judgment did not, however, include an adjudication of Meruelo’s claims against Haven Center for declaratory judgment and specific performance of a real estate contract. Mer-uelo’s claims remain pending, and Haven Center’s counterclaims arose out of the same contract, transactions, and occurrences that were involved in Meruelo’s claims.
The adjudication of compulsory counterclaims such as these is “not appeal-able until a final disposition of the original cause has obtained on the merits.” Campbell v. Gordon, 674 So.2d 783, 785 (Fla. 1st DCA 1996); Northcutt v. Pathway Financial, 555 So.2d 368 (Fla. 3d DCA 1989). Meruelo nevertheless encouraged the trial court to add the words of finality, that Haven Center “take nothing on its counterclaim and go hence without day,” over Haven Center’s objection. We reverse the judgment to the extent that it includes the phrase “go hence without day” because it is not, in fact, a final judgment, but we do so (a) without disturbing the trial court’s entry of summary judgment on the counterclaim and (b) without prejudice to the right of the parties to appeal when both the claims and the counterclaims have been fully adjudicated.
Clarification granted; Reversed in part.