NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEVIN MOORE,               )
                                  )
          Petitioner,        )
                                  )
v.                           )     Case No. 2D14-1855
                                  )
DEPARTMENT OF HIGHWAY SAFETY  )
& MOTOR VEHICLES,        )
                                  )
          Respondent.    )
_____)

Opinion filed July 1, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Sarasota County; Charles E.
Williams, Judge.

Rhonda F. Goodman, Miami, for Petitioner.

Stephen D. Hurm, General Counsel, and
Jason Helfant, Assistant General Counsel,
Lake Worth, for Respondent.


NORTHCUTT, Judge.

         Kevin Moore seeks a writ of certiorari to quash the circuit court's appellate

decision, which upheld the termination of Moore's hardship driver's license and

cancellation of his participation in a DUI program.  We grant the petition and quash the

order on review.

Moore's driver's license was suspended for five years. During the suspension, the Department of Highway Safety & Motor Vehicles granted him a restricted driver's license based on his enrollment in a Special Supervision Services DUI program operated by the State College of Florida (SCF). As part of the program, Moore had an ignition interlock device (IID) installed on his vehicle. Also, he was required to execute a "Statement of Abstinence"

> acknowledging and stating that [he] will not be allowed for the entire period of enrollment in the DUI Special Supervision Services to consume any alcohol, will not be allowed to use any controlled (illegal) drugs, will not abuse any medication prescribed . . . , and will not abuse any medication or drugs sold over the counter.

If Moore violated this condition, the program was required to recommend that the Department cancel his restricted license.

Moore subsequently received notice that SCF was recommending cancellation of his participation in the program and his license. The letter stated that the reasons were "DUE TO HIS FAILURE TO MAINTAIN THE ABSTINENCE REQUIREMENT BY USING A SUBSTANCE THAT CONTINED [sic] 20% ALCOHOL BY HIS OWN ADMISSION. HE ALSO FAILED THE REQUIREMENT TO RETEST AFTER HIS LOCKOUT AS THE RESULT OF A HIGH FAIL ON THE IID." The IID record showed a single "High Fail" event with a breath alcohol content of 0.092% on June 29, 2013, which caused the device to enter a lockout state. The IID record showed that the vehicle's motor was off at the time.

SCF informed Moore of his right to appeal, and Moore exercised that right by appealing to the Suncoast Safety Council, Inc. See Fla. Admin. Code R. 15A-10.031(1) (directing appeal to be heard by another DUI program in the same or an

adjacent circuit). Moore authorized the release of SCF's files to Suncoast, and he requested a copy for himself. The program's information sheet had stated that Moore was "entitled to request a summary of any records the DUI Special Supervision Services may have regarding [him] and [his] participation in this program." In the interim, the Department cancelled Moore's license. See Fla. Admin. Code R. 15A-10.031(2) (allowing appeal of unfavorable termination recommendation but providing that appeal does not delay notification to Department).

SCF's notice of appeal rights stated that "the second DUI program will review all written documentation, meet face to face with the applicant/client, and perform a second psychosocial evaluation unless it is unnecessary to the appeal process." See Fla. Admin. Code R. 15A-10.031(2)(a) (providing that "The DUI program reviewing the appeal shall review all the written documentation related to the issue or issues resulting in termination."). There is no indication that this case involved a second psychosocial evaluation. The notice further stated that "[t]he second program shall review only written documentation related to the issue(s) resulting in termination." See Fla. Admin. Code R. 15A-10.030(13) (providing that failure to meet program requirements shall be documented); 15A-10.031(2)(a) (providing that "The DUI program reviewing the appeal shall review all the written documentation related to the issue or issues resulting in termination.").

After a meeting with Moore, Suncoast rejected his appeal, concurring with SCF that Moore failed "to maintain the abstinence requirement by using a substance that contained 20% alcohol and failing to take the required retest on the Ignition Interlock Device on 06/29/13." Suncoast advised that Moore could seek review by

- 3 -

certiorari in the circuit court. Moore's attorney then requested that both programs furnish him the documentation they relied upon, and she asserted that Moore's prior request for the documentation had never been answered.

In the circuit court, Moore's amended petition for certiorari challenged the sufficiency of the documentary evidence. He further asserted that he was denied due process by the programs' failures to provide him with copies of his records, by their reliance on records that were unauthenticated and inadmissible, and by their creation of documents after the conclusion of his appeal to Suncoast. Moore also filed a motion to strike certain documents from the Department's appendix. The court denied the petition on the ground that Moore's failure to provide a transcript of the proceeding before Suncoast was fatal under Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979). The court also held that its decision rendered moot the motion to strike. Moore petitions this court for second-tier certiorari review to quash the circuit court's order.

The circuit court's review was three-pronged: "(1) whether procedural due process is accorded; (2) whether the essential requirements of law have been observed; and (3) whether the administrative findings and judgment are supported by competent substantial evidence." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995) (citing City of Deerfield Beach v. Vaillant, 419 So. 2d 624, 626 (Fla. 1982)). In contrast, when reviewing the circuit court's appellate decision we examine only "whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 723 (Fla. 2012) (emphasis omitted). Whether the circuit court applied

- 4 -

the correct law is synonymous with whether it observed the essential requirements of law. Id. at 722-23 (citing Haines City Cmty. Dev., 658 So. 2d at 530-31). The application of an incorrect standard of review is a departure from the essential requirements of law. Dep't of Highway Safety & Motor Vehicles v. Kurdziel, 908 So. 2d 607, 609 (Fla. 2d DCA 2005) (citing Broward Cnty. v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 845 (Fla. 2001)).

We conclude that the circuit court applied the incorrect standard of review by denying relief based solely on the absence of a transcript. In Applegate, the supreme court held that the absence of a transcript was fatal to an appeal challenging the evidentiary basis for imposing a constructive trust after a nonjury trial. But Moore's case did not involve an evidentiary proceeding. The recommendation to cancel Moore's license and program participation was based on written documents, not on an evidentiary hearing. See Fla. Admin. Code R. 15A-10.030(13) (providing that failure to meet program requirements shall be documented). His appeal to Suncoast was likewise based on a review of documents. See Fla. Admin. Code R. 15A-10.031(2)(a) (providing that "The DUI program reviewing the appeal shall review all the written documentation related to the issue or issues resulting in termination.").

Thus, the circuit court was capable of reviewing the written documentation relied upon by the programs to reach their decisions and determining whether those documents provided an adequate factual and legal basis for their conclusion that Moore violated the program requirements. Cf. Maynard v. Household Fin. Corp. III, 861 So. 2d 1204, 1206 (Fla. 2d DCA 2003) (explaining that the presumption of correctness is weaker in review of a summary judgment "because the appellate court is in no less of a

position than the trial court in reviewing documentary evidence"); Innovative Med. Servs., Inc. v. Reitz, 793 So. 2d 125, 126-27 (Fla. 2d DCA 2001) (reviewing legal question even in the absence of transcript).

For example, both programs concluded that Moore violated the IID rules by failing to take a required retest. But an IID violation is defined as "[a]n event, such as two (2) breath tests above the fail point upon initial startup, a refusal to provide a rolling retest deep lung breath sample, a rolling retest above the fail point, or tampering, which breaches the guidelines for use of the ignition interlock device." Fla. Admin. Code R. 15A-9.003(24) (emphasis added). It appears that Moore provided a single breath test above the fail point upon initial startup, not two. Moore also disputed whether he violated the abstinence requirement and whether he admitted to such violation. He contended that he admitted only to using Antlerx, a bodybuilding supplement made from deer antler velvet. Our limited appendix does not indicate whether this over-the-counter supplement contains alcohol.

The circuit court failed to determine whether the program documents contained competent, substantial evidence to support the findings that led to Moore's expulsion from the program and loss of his driver's license; instead, it departed from the essential requirements of law by denying relief based solely on the absence of a transcript. This error results in a miscarriage of justice and warrants certiorari relief. See Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So. 2d 141, 145 (Fla. 2d DCA 2002) (holding that a miscarriage of justice occurs when a circuit court's order has precedential value and could affect numerous other proceedings involving suspension of driver's licenses). Accordingly, we quash the circuit court's order.

Quashed and remanded.

LaROSE and BLACK, JJ., Concur.