Nathan WOLFSON, Dorothy Wolfson and Marc D. Wolfson, and Byron M. Chandler and Diane V. Chandler, Individually and on Behalf of all Members of a Class of Borrowers Similarly Situated, Plaintiffs,

v.

ARTISANS SAVINGS BANK, Farmers Bank of the State of Delaware, Wilmington Savings Fund Society, Colonial National Bank, First Federal Savings and Loan Association of New Castle County, Home Federal Savings and Loan Association, Wilmington Trust Company, Ninth Ward Savings and Loan Association, Defendants.

Civ. A. No. 76–179.

United States District Court, D. Delaware.

Sept. 24, 1979.

---

2. It is true that these members of the class may also have claims for a later period, but I see no practical alternative other than allowing them to press all of their claims against the defendants in independent actions. If plaintiffs have such a practical alternative to suggest, they may do so promptly.

Frank J. Miller of Miller & Foulk, Wilmington, Del., for defendant First Federal Sav. and Loan Assn.

James M. Tunnell, Jr., William H. Sudell, Jr., and Richard D. Allen of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants Wilmington Sav. Fund Soc. and Home Federal Sav. and Loan Assn.

Robert V. Huber, Wilmington, Del., for defendant Ninth Ward Sav. and Loan Assn.

David A. Eastburn, Wilmington, Del., for defendant Artisans Sav. Bank.

Frederick Knecht, Jr., and Robert B. Coonin of Knecht, Greenstein & Berkowitz, Wilmington, Del., Arnold Levin, Gordon Gelfond, Michael D. Fishbein and Josephine B. Stamm of Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for plaintiffs.

Rodney M. Layton, Charles F. Richards, Jr., and Stephen E. Herrmann of Richards, Layton & Finger, Wilmington, Del., for defendants Farmers Bank of the State of Del., Colonial Nat. Bank and Wilmington Trust Co.

## OPINION

STAPLETON, District Judge:

The plaintiffs brought this antitrust class action against a number of Delaware banks which require escrow accounts for the payment of taxes and insurance in connection with certain mortgages, but which fail to pay interest on the funds escrowed. The defendants have asserted counterclaims, and the plaintiffs' motion to strike the counterclaims is now before me.

Defendants originally asserted three counterclaims. The third, an omnibus claim stating that "if defendant . . . has any other claims against any members of [the certified] class, it will assert such claims upon identification of the specific class members", has properly been withdrawn as it clearly fails to state a cause of action.

The defendants' first counterclaim is for the expenses incurred in maintaining and administering escrow accounts for the class members. This Court has ancillary jurisdiction over the claim if it is a "compulsory" counterclaim under F.R.C.P. 13(a). As the Third Circuit explained in the leading case of *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (1961),

". . . a counterclaim is compulsory if it bears a 'logical relationship' to an opposing party's claim . . . Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action."

An examination of defendants' first counterclaim reveals that such a "logical relationship" does exist between it and the plaintiff's claim and proof. The validity of the counterclaim is completely dependent on the plaintiffs' claim prevailing.[1] The plaintiffs' proof will in all probability include an accounting of the net profits gained by the banks by virtue of their no-interest policy, and such proof will of necessity include proof of the costs of maintaining and administering the escrows. The defendants are in essence saying that if one element of the parties' contracts—the no-interest provision—must fall due to an antitrust violation, equity requires that the banks at least recover their costs. This is clearly integrally related to the plaintiffs' claim; indeed, plaintiffs' counsel described this counterclaim as "an element of damages". Ancillary jurisdiction over this claim exists under the *Great Lakes* test.

Plaintiffs argue that the claim cannot be asserted against absent class members, because in plaintiffs' view, absent members are not "opposing parties" for the purposes of Rule 13. I think it undeniable, however, that members of the named plaintiffs' class are "opposing parties" for purposes of Rule 13. While it is true that some courts have stated to the contrary, even those courts do

---

1. Indeed, if the claim were independent of the plaintiffs' claim it would have to be dismissed as frivolous.

not deny the defendants' right to assert compulsory counterclaims against absent class members at a later stage in the proceedings. *See, e. g., Donson Stores, Inc. v. American Bakeries Co.,* 58 F.R.D. 485 (S.D. N.Y.1973). As Judge MacMahon noted in *National Super Spuds v. New York Mercantile Exchange,* 75 F.R.D. 40 (S.D.N.Y.1977), the question is more properly seen as one of management of complex litigation. From this perspective, I see no problem with entertaining defendants' first counterclaim from the outset of the litigation. *See National Super Spuds, supra;* 1 H. Newberg, *Class Actions* § 1149 (1977).

 Plaintiffs' concern appears to be that notice of a counterclaim would frighten and confuse persons receiving notice of class membership and induce members to opt out. In many cases, such concern is warranted; *see,* for example, 87 Harv.L. Rev. 470, 476 (1973). It is, however, unwarranted with respect to defendants' first counterclaim since the existence of that claim need not be mentioned in the notice to class members. As a matter of substantive law, the defendants cannot, under this claim, obtain an affirmative recovery from any class member. Even assuming that the expenses of maintaining the escrow accounts were greater than the amounts gained by not paying interest on the escrowed funds, the loss was clearly one which the defendant banks bargained for, in exchange for the assurance that the mortgaged property would be insured and free of tax liens. The defendants' claim is, accordingly, a claim to a right of set-off and since no affirmative recovery is possible, no notice to class members of that claim need be given.

 Defendants' second counterclaim is a claim for interest on funds allegedly advanced to certain unspecified class members to cover payments of taxes and insurance premiums where the member's escrowed funds were insufficient to cover these payments. Defendants proceed on a theory of unjust enrichment. I find it difficult to discern any "logical relationship" between this claim and the federal antitrust claim asserted by the plaintiffs. The issues may be related "on a purely transactional level," *Zeltzer v. Carte Blanche Corp.,* 414 F.Supp. 1221 (W.D.Pa.1976), but the legal and factual claims involved in the two causes of action are virtually unrelated. The plaintiffs' antitrust claims involve evidence tending to suggest conspiracy and parallel business conduct. The defendants' unjust enrichment claim, by contrast, concerns individual and distinct loan transactions as to which no agreement or parallel conduct is claimed and would require examination of payments collected and disbursed in the individual escrow accounts of individual class members against whom this claim is asserted. Under these circumstances, I find that the counterclaim is permissive and must, therefore, be supported by an independent basis of federal jurisdiction. The counterclaim does not involve a federal question, nor has diversity of citizenship been asserted as a jurisdictional ground.[2] Thus, the second counterclaim must be dismissed. *International Union, U. A. A. & A. I. Wkrs. v. Piasecki Aircraft Corp.,* 241 F.Supp. 385 (D.Del.1965).

It has been suggested that this Court has jurisdiction over a permissive counterclaim under the "set-off" exception to the rule requiring independent federal jurisdiction. It is true that some courts have extended ancillary jurisdiction over unrelated counterclaims to the extent of a set-off. *See, e. g., Newburger, Loeb & Co. v. Gross,* 365 F.Supp. 1364 (S.D.N.Y.1973). However, in a number of those cases, the set-off was limited to liquidated claims or judgments (*see, e. g., Wigglesworth v. Teamsters Local Union No. 592,* 68 F.R.D. 609, 20 F.R. Serv.2d 1170 (E.D.Va.1975); *Herrmann v. Atlantic Richfield Co.,* 72 F.R.D. 182 (W.D. Pa.1976).

 Even assuming that it is within the Court's power to assert jurisdiction over

---

**2.** Even if diversity were asserted, the defendants would of course have to meet the $10,000 amount in controversy for each individual claim. *Zahn v. Int'l. Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

these counterclaims, however, I decline to do so. The inclusion of these individual counterclaims would only add confusion to an already complex case, without significant benefits to either the Court or the defendants. If the defendants wish to pursue these claims, they are, of course, free to do so in state court.