718 So.2d 346 (1998)
KEY CLUB ASSOCIATES, LIMITED PARTNERSHIP, a Florida limited partnership, and Shannon Hotel Group, Inc., a Connecticut corporation authorized to do business in the State of Florida, as General Partner of Key Club Associates, Limited Partnership, a Florida limited partnership, individually and d/b/a "Longboat Key Club Resort Management," Appellants,
v.
Martin C. MAYER, Susan Mayer, Robert A. Rosin, John Doe, and Jane Doe, individually, and as Class Representatives, Appellees.
No. 97-04629.
District Court of Appeal of Florida, Second District.
September 25, 1998.
Jonathan L. Alpert, Patrick B. Calcutt, and William J. Cook of Alpert, Barker & Calcutt, P.A., Tampa; and Jim D. Syprett of Syprett, Meshad, Resnick & Lieb, Sarasota, for Appellants.
Michael J. Furen, Charles J. Bartlett, and Mark C. Dungan of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellees.
ALTENBERND, Judge.
Key Club Associates, Limited Partnership (Key Club), along with the other defendants/counterplaintiffs in this case, appeal an order rejecting certification of their counterclaim as a class action against a counterdefendant class. The trial court refused to certify a class because it decided that a counterclaim may not be maintained against a class as a matter of law. Although we are inclined to believe that appropriate class action counterclaims are few and far between, we cannot hold that such counterclaims are nonexistent. When a counterclaim would be compulsory in a standard lawsuit, a trial court should fully consider the factors enumerated in Florida Rule of Civil Procedure *347 1.220(a) before refusing to certify the proposed class counterclaim. If a trial court decides that a compulsory counterclaim cannot be maintained against a class, it should consider measures to protect the defendant's right to pursue the claim when it has been filed in good faith and is not frivolous.
Key Club manages The Resort of Longboat Key Club, which is a condominium resort hotel in Sarasota County. Martin C. Mayer, Susan Mayer, Robert A. Rosin, "John Doe," and "Jane Doe" (the plaintiffs) are representatives of a class of more than 200 condominium owners who sued Key Club in 1994 to recover money that they claimed was due to the unit owners under a unit rental management agreement. This dispute was partially settled in 1995. Thereafter, the plaintiffs filed an amended complaint alleging that Key Club had overbilled the unit owners for repairs, maintenance, and replacement of items in their units.
In responding to these new allegations, Key Club alleged that it had discovered certain additional costs that had not been billed to the unit owners and for which Key Club was entitled to reimbursement. Key Club raised a defense of setoff and also filed a counterclaim. If the plaintiffs' lawsuit were not a class action, Key Club's counterclaim would be compulsory. See Fla. R. Civ. P. 1.170(a); Johnson v. Allen, Knudsen, DeBoest, Edwards & Rhodes, P.A., 621 So.2d 507 (Fla. 2d DCA 1993).
The plaintiffs moved to dismiss the counterclaim as unauthorized in a class action. They argued that monetary judgments cannot be entered against members of a class because a class created under rule 1.220 does not result in a group of individual parties under Florida Rule of Civil Procedure 1.210. If judgments cannot be entered against class members as individual parties, then it follows that such a class counterclaim is improper. The trial court accepted this argument, dismissed the counterclaim, and refused to certify a class of counterdefendants.
This case presents two issues of first impression in Florida: (1) whether such an order denying a motion to certify a class of counterdefendants for a counterclaim is appealable, and (2) whether a counterclaim can ever be filed in a class action. Recognizing that both issues are close, we hold that the order is appealable and that occasionally a counterclaim may be available against a counterdefendant class.
Before 1992, an order certifying a class or refusing to certify a class was not an appealable order or an appropriate subject for a petition for common law certiorari. See General Dev. Corp. v. Stanislaus, 544 So.2d 306 (Fla. 3d DCA 1989). In 1992, the supreme court amended Florida Rule of Appellate Procedure 9.130 to add subsections 9.130(a)(3)(c)(vii) and 9.130(a)(6). See In re Amendments to Florida Rules of Appellate Procedure, 609 So.2d 516 (Fla.1992). Thus, it is now clear that an order denying a motion to certify a class may be reviewed.
The order in this case, however, does not merely deny certification for a class. The order dismisses the counterclaim as unauthorized and denies the motion to certify as a result of the dismissal. If this were an order dismissing a counterclaim that was interrelated with the main claim, it would not be appealable. See Fla. R.App. P. 9.110(k); Johnson, 621 So.2d at 509. Thus, the question is whether to treat this order as an order of dismissal or as an order of certification.
We are influenced in this case by the fact that the trial court dismissed the counterclaim, not because the counterclaim failed to state a cause of action, but rather because the trial court concluded that it was an improper claim for class action status. The trial court's rationale depends on an interpretation of rule 1.220 and not an interpretation of the rules used to dismiss standard claims and counterclaims. We conclude that the function intended for rule 9.130(a)(6), to permit review of class certification issues, justifies this court's acceptance of jurisdiction over this nonfinal appeal.[1]
*348 Nothing in rule 1.220 expressly prohibits a counterclaim against a counterdefendant class. Rule 1.220(a) contemplates a "defense ... maintained ... on behalf of a class by one party." Rule 1.220(b) states that a "claim or defense may be maintained on behalf of a class...." Rule 1.220(c) permits "any pleading, counterclaim, or cross-claim" to allege "the existence of a class." Although the rule provides little guidance on the subject of such counterclaims, it appears to permit them.
Federal case law includes at least one case in which a class action counterclaim has been denied[2] and a larger group of cases in which such counterclaims have been allowed.[3] We decline to create any detailed guidelines for class action counterclaims in Florida because the record before this court is not sufficient to provide guidance for that task. We hold only that class action counterclaims are a legal possibility, not that such a counterclaim is necessarily appropriate in this case.
We recognize that serious due process issues arise from any procedure that allows for an individual judgment against a person who is merely a member of a class. However, we cannot hold that judgments against these class members would necessarily violate due process when all members own real property in Florida and are given the right to opt out of the lawsuit. See Fla. R. Civ. P. 1.220(d). A defendant with a justiciable compulsory counterclaim also has due process rights that must be considered. We place no restriction on the trial court's authority to craft a solution to these competing due process rights when resolving this unusual motion to certify a class.[4] We reverse to give the trial court an opportunity to rule upon the merits of the motion.
Reversed and remanded.
PATTERSON, A.C.J., and CASANUEVA, J., concur.
NOTES
[1] We note that the parties did not contest this court's jurisdiction. This court raised the jurisdictional issue. See Polk County v. Sofka, 702 So.2d 1243, 1245 (Fla.1997) (parties cannot stipulate to subject matter jurisdiction where none exists).
[2] See Donson Stores, Inc. v. American Bakeries Co., 58 F.R.D. 485 (S.D.N.Y.1973) (counterclaims could not be asserted against unspecified class members and could only be asserted against parties to litigation).
[3] See National Super Spuds, Inc. v. New York Mercantile Exch., 75 F.R.D. 40 (S.D.N.Y.1977) (holding absent class members would be regarded as "opposing parties" within rule allowing counterclaim to be asserted only against "opposing parties"); In re Financial Partners Class Action Litig., 597 F.Supp. 686 (N.D.Ill.1984) (absence of members of plaintiff class did not require dismissal of counterclaims filed against them); Wolfson v. Artisans Sav. Bank, 83 F.R.D. 552 (D.Del.1979) (claim can be asserted against absent class members because members of the named plaintiffs' class are opposing parties for purpose of Federal Rule of Civil Procedure 13).
[4] For example, given the relatively small size of this class, it is not inconceivable that the most practical solution in this case would be to decertify the entire action.