910 So.2d 401 (2005)
EQUITY RESIDENTIAL PROPERTIES TRUST, Equity Residential Properties Management Corp., Equity Residential Properties Management Corp. II, Equity Residential Properties Management Ltd., Equity Residential Properties Management Ltd. II and ERP Operating Limited Partnership, Appellants,
v.
Tammy YATES, Peter Miller, Maria L. Cruz and Jose Ortega as Class Representatives of those similarly situated, Appellees.
Nos. 4D03-4571, 4D04-1844.
District Court of Appeal of Florida, Fourth District.
September 21, 2005.
*402 Thomas E. Warner, Joseph Ianno, Jr., and Michael K. Winston of Carlton Fields, *403 P.A., West Palm Beach, and Craig M. White, Lucy C. Lisiecki and Richard J. Jancasz of Wildman, Harrold, Allen & Dixon LLP, Chicago, IL, for appellants.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., Theodore Babbitt and Joseph R. Johnson of Babbitt, Johnson, Osborne & LeClainche, and Rodney L. Tennyson, West Palm Beach, for appellees.

ON MOTION FOR REHEARING, REHEARING EN BANC & CERTIFICATION
STEVENSON, C.J.
We withdraw our prior opinion and substitute the following in its place, clarifying the nature of the trial court's order regarding the counterclaim; in all other respects the motion for rehearing, rehearing en banc and certification is denied.
Tammy Yates, Peter Miller, Maria Cruz, and Jose Ortega brought suit against their former landlord, the appellants in this case, alleging the landlord was collecting what amounted to double rent in violation of Florida's Consumer Collection Practices Act (FCCPA) and Florida's Deceptive and Unfair Trade Practices Act (FDUTPA). According to the plaintiffs, the landlord was accomplishing this by charging tenants "early termination" and "insufficient notice" fees and then failing to credit the tenants charged such fees for rent collected upon the re-letting of the apartment unit. The four named plaintiffs sought certification of a class action suit on behalf of some ten thousand plus individuals who had been charged these "fees." In turn, the landlord sought to bring a class-wide counterclaim, seeking recovery of all fees and charges owed by these tenants; these charges included not only the unpaid "early termination" and "insufficient notice" fees, but also charges for damage and repairs to each tenant's particular unit. The trial court granted the plaintiffs' motion for class certification, but denied the landlord's motion for leave to bring a class-wide counterclaim. In this consolidated appeal, the landlord challenges the trial court's rulings certifying a class action on behalf of the former tenants, but denying its motion to bring a class-wide counterclaim. We affirm.
The former tenants sought class certification pursuant to Florida Rule of Civil Procedure 1.220(a) and (b)(3) and, thus, were required to demonstrate numerosity, commonality, typicality, adequate representation, predominance, and superiority. The biggest hurdle facing the former tenants was the landlord's contention that the need for individualized proof to establish damages necessarily undermined commonality, typicality, predominance, and superiority. For purposes of class certification, though, liability  not damages  is the focus of the inquiry. See Oce Printing Sys. USA, Inc. v. Mailers Data Servs., Inc., 760 So.2d 1037, 1043 (Fla. 2d DCA 2000). Class certification becomes inappropriate only when the need to prove damages on an individualized basis will play such a predominant role in the litigation as to significantly outweigh any benefits to be gained by a class action lawsuit. See Philip Morris USA, Inc. v. Hines, 883 So.2d 292 (Fla. 4th DCA 2003), clarified on reh'g, (Oct. 6, 2004); see also Perez v. Metabolife Int'l, Inc., 218 F.R.D. 262, 273 (S.D.Fla.2003) (refusing to find "predominance" where "any efficiency gained by deciding the common elements will be lost when separate trials are required for each class member in order to determine each member's entitlement to the requested relief"). In this case, we find no abuse of discretion in the trial court's certification of a class action on behalf of the former tenants and rejection of any claim that individualized issues regarding *404 damages would so overwhelm the proceedings that a class action was untenable. See Stone v. Compuserve Interactive Servs., Inc., 804 So.2d 383, 387 (Fla. 4th DCA 2001) (recognizing that trial court's decision to certify class action is reviewed on appeal for an abuse of discretion).
Next, relying upon Key Club Associates, L.P. v. Mayer, 718 So.2d 346 (Fla. 2d DCA 1998), the landlord insists its counterclaim was compulsory and, therefore, that the trial court could not simply deny its motion to bring the class-wide counterclaim without taking steps to protect its due process rights. In Key Club Associates, the trial court certified a group of about 200 condominium owners in a class action to recover money that they claimed was due because Key Club, the manager of the condominium resort hotel, had over-billed the unit owners for repairs, maintenance and replacement of items in their units. In response, Key Club alleged certain additional costs that had not been billed to the unit owners, raised the defense of setoff and filed a counterclaim. The trial court dismissed the counterclaim and ruled that, as a matter of law, a counterclaim was improper for class action status. In reversing, the Second District held that while "appropriate class action counterclaims are few and far between," they are not "nonexistent." 718 So.2d at 346. The court in Key Club Associates refused to hold that class certification of the counterclaim was necessarily appropriate in that case and remanded the cause to the trial court to rule on the merits. Notably, Key Club Associates also stands for the proposition that a counterclaim which would be compulsory against an individual defendant in a non-class action lawsuit, need not be certified as a counterclaim in a class action lawsuit so long as the trial court considers measures to protect the defendant's right to pursue the claim. Id. at 346-47.
Here, we find no error in the trial court's denial of the landlord's motion to bring a class-wide counterclaim. First, we do not find it compulsory. A counterclaim is compulsory if it bears a "logical relationship" to the plaintiff's claim. See Londono v. Turkey Creek, Inc., 609 So.2d 14 (Fla.1992).
"`[A] claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis for both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.'"
Id. at 20 (quoting Neil v. S. Fla. Auto Painters, Inc., 397 So.2d 1160, 1164 (Fla. 3d DCA 1981) (quoting Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir.1970))) (emphasis in original). The bulk of authority on the issue holds that actions to collect debts are not compulsory counterclaims to actions predicated on the violation of consumer protection type laws. Cf. Whigum v. Heilig-Meyers Furniture, Inc., 682 So.2d 643 (Fla. 1st DCA 1996) (holding that an action to collect debt for the purchase of consumer goods is not a compulsory counterclaim to an action under the Florida Consumer Collection Practices Act); Maddox v. Ky. Fin. Co., 736 F.2d 380 (6th Cir.1984) (holding that claim for underlying debt is not a compulsory counterclaim to an action under the federal Truth in Lending Act); Peterson v. United Accounts, Inc., 638 F.2d 1134 (8th Cir.1981) (holding that an action under the federal Fair Debt Collection Practices Act is not a compulsory counterclaim to an action to collect the debt); Egge v. Healthspan Servs. Co., 115 *405 F.Supp.2d 1126, 1130 (D.Minn.2000) (recognizing that "[m]any courts note that no court has found that an FDCPA suit was a compulsory counterclaim to a debt collection action"). Lastly, because we have concluded that the counterclaims are not compulsory, Equity's right to pursue them in the future has been protected since that ruling is now the law of the case.
We have considered the other issues in this appeal and find no error. Accordingly, the appeal is affirmed.
Affirmed.
SHAHOOD and GROSS, JJ., concur.