PER CURIAM.
When certifying a class, a trial court is required to indicate the findings of fact and conclusions of law that it has made. When the trial court fails to meet both requirements, reversal is required. Because the trial court below certified a class without making findings of fact and conclusions of law, we reverse and remand so that it may comply with the requirements of Florida Rule of Civil Procedure 1.220(d)(1).
Carmen J. Grosso, on behalf of himself and all others similarly situated, filed a class action complaint alleging that it complied with Florida Rules of Civil Procedure 1.220(a) and 1.220(b)(3). Fidelity National Title Insurance Company opposed the certification, arguing that the entitlement to relief of each individual within the class would have to be examined separately and therefore a class action was not the most appropriate vehicle available. After a hearing to determine whether class certification was appropriate, the trial court granted class certification; however, it failed to make factual findings or conclusions of law. Further, it did not specify which section of rule 1.220(b) the certification was based.
Certifying a class by an order that does not contain findings of fact and conclusions of law is reversible error. Integon Corp. v. Gordon, 953 So.2d 725 (Fla. 1st DCA 2007) (“Because the order fail[ed] to ‘separately state the findings of fact ... upon which the determination [wa]s based’ as required by Florida Rule of Civil Procedure 1.220(d)(1), [the First District] reverse[d] and remand[ed] with directions that the trial court comply with that provi *523 sion”). If evidence is not presented to the trial court, which could demonstrate a proper factual basis for class certification, it is an abuse of discretion to certify the class. Seminole Cnty. v. Tivoli Orlando Assocs. Ltd., 920 So.2d 818, 824 (Fla. 5th DCA 2006). Without an order containing findings of facts and conclusions of law based on the facts, we are unable to review whether the requirements for class certification have been met. We remand this case for entry of an order that complies with Rule 1.220.

Reversed and remanded for further proceedings.

GROSS, CIKLIN and CONNER, JJ., concur.