DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ZACARIAS CABRERA,** on behalf of himself
and all others similarly situated,
Appellant,

v.

**U.S. BANK NATIONAL ASSOCIATION,** as trustee, successor in interest
to **BANK OF AMERICA, N.A.,** as successor by merger to **LASALLE
BANK, N.A.,** as trustee RAMP 2007-RS-1, and **SUNTRUST MORTGAGE,
INC.**, a corporation,
Appellees.

No. 4D18-3537

[October 16, 2019]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 502017CA005864AN.

Jon Herskowitz of Baron & Herskowitz, Miami, Rachel Bentley of Legal Aid Society of Palm Beach County, West Palm Beach, Jeffrey M. Liggio and Geoff S. Stahl of Liggio Law, P.A., West Palm Beach, and Philip M. Burlington and Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for appellant.

Sara F. Holladay-Tobias, Emily Y. Rottmann and Brittney L. Difato of McGuire Woods LLP, Jacksonville, for appellee U.S. Bank, N.A., as trustee, successor in interest to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as trustee Ramp 2007-RS-1.

WARNER, J.

Zacarias Cabrera (Borrower) timely appeals a nonfinal order of the Fifteenth Judicial Circuit Court that denied his motion for leave to file a class action counterclaim in a foreclosure case. Because the order functions as an order denying certification of a class action as to the compulsory count of the counterclaim, but fails to include findings upon which the ruling was based, contrary to Florida Rule of Civil Procedure 1.220(d)(1), we reverse. As to the remaining permissive count of the

counterclaim, we conclude that we lack jurisdiction of the order denying the motion to amend.

In 2017 the appellee, U.S. Bank National Association (Bank), sued Borrower to foreclose on a mortgage. This was the third attempt to foreclose on the same mortgage, the Bank or its predecessor having voluntarily dismissed the prior two complaints. Borrower answered, raising affirmative defenses. Borrower served a motion to amend to add a class action counterclaim against the Bank and SunTrust Mortgage, as the loan servicer, seeking declaratory judgment and injunctive relief. In his amended counterclaim, Borrower claimed that the Bank and SunTrust routinely added to the debt secured by the mortgage the attorney's fees and costs incurred in dismissed or unsuccessful prior foreclosure actions. Thus, Borrowers were being charged fees even though the Bank did not prevail in the prior actions, despite the fact that the provisions of the mortgage allowed the Bank to include attorney's fees only if it prevailed. The proposed counterclaim designated the class as consisting of homeowners who may have been serviced by SunTrust but whose mortgages were owned or held by the Bank or by other lenders. The counterclaim included the necessary allegations to support a class action: numerosity, typicality, representative status, predominance of common questions of law and fact. It sought a declaratory judgment against the Bank and SunTrust, as well as damages to compensate borrowers for this improper practice by the Bank as to borrowers. It also added a count against SunTrust for violation of the Florida Consumer Collection Practices Act, pursuant to section 559.72, Florida Statutes (2017), in connection with the unauthorized inclusion of attorney's fees in the amounts due. The counterclaim demanded damages incurred by the entire class for the statutory violations.

In response, the Bank filed a notice of voluntary dismissal of its foreclosure complaint. However, this did not deprive the court of jurisdiction, as the filing of a motion to amend to add a counterclaim is treated the same as a pending counterclaim for purposes of Florida Rule of Civil Procedure 1.420(a)(2). *See Our Gang, Inc. v. Commvest Sec., Inc.*, 608 So. 2d 542, 544 (Fla. 4th DCA 1992). Under that rule, "[i]f a *counterclaim* has been served by a defendant prior to the service upon the defendant of the plaintiff's notice of dismissal, the action shall not be dismissed against defendant's objections unless the counterclaim can remain pending for independent adjudication by the court." Fla. R. Civ. P. 1.420(a)(2) (emphasis added).

In response to the motion for leave to file class action counterclaim, the Bank argued that the counterclaim would unnecessarily complicate a

simple foreclosure, that it added a third party, and that the claims failed to state a viable claim for relief under Florida law.

After a short non-evidentiary hearing, the trial court entered an order granting Borrower's motion to amend insofar as it allowed him to amend to assert compulsory counterclaims, but it denied the motion to assert those claims as a class action. From that order, Borrower appeals.

We first address our jurisdiction. Although an order denying a motion to amend claims is ordinarily regarded as a nonfinal, non-appealable order, *see Hochstadt v. Sanctuary Homeowners Ass'n*, 882 So. 2d 1094, 1096 (Fla. 4th DCA 2004), where the order effectively denies class certification, it is appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi). That rule allows appeal of orders determining "whether to certify a class." While titled as a "motion for leave to file class counter-complaint," it appears that the motion was a request to certify a class to file a counterclaim. *See IndyMac Fed. Bank FSB v. Hagan*, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012) ("With respect to the characterization of motions, Florida courts place substance over form."). The trial court did not deny the motion to amend the counterclaim of Borrower to the extent that it was compulsory; it dismissed only the class action status of the counterclaim. Thus, this case is similar to *Key Club Associates, L.P. v. Mayer*, 718 So. 2d 346 (Fla. 2d DCA 1998), in which the Second District treated an order granting a motion to dismiss a class action counterclaim as appealable under rule 9.130 where the denial of the counterclaim was based upon the trial court's analysis of the class action rule in concluding that the counterclaim should be dismissed. So too in this case, the trial court denied the class action component only while leaving intact compulsory counterclaims. To the extent then that the class action claims involve a compulsory counterclaim, the order effectively denied class action certification as a matter of law. "We conclude that the function intended for rule 9.130(a)[(3)(c)(vi)], to permit review of class certification issues, justifies this court's acceptance of jurisdiction over this nonfinal appeal." *Id.* at 347 (footnote omitted).

Although the Bank contends that allowing a class action counterclaim would unfairly prejudice it by increasing the complexity of a common foreclosure complaint, that same concern would be true of almost any counterclaim asserting a class action. Furthermore, any class counterclaim would bring additional "parties" into a lawsuit. Yet Florida Rule of Civil Procedure 1.220(c) specifically includes a "counterclaim" within its terms. Therefore, these differences in and of themselves do not prevent the assertion of a class counterclaim.

3

The trial court allowed Borrower to amend to state compulsory counterclaims without defining which of the two counts of the proposed counterclaim it deemed compulsory. In *4040 Ibis Circle, LLC v. JPMorgan Chase Bank*, 193 So. 3d 957, 960 (Fla. 4th DCA 2016), a foreclosure proceeding, we explained that a compulsory counterclaim was one that bears a "'logical relationship' to the plaintiff's claims in that they arise out of the 'same aggregate of operative facts as the original claim.'" (quoting *Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 20 (Fla. 1992)). "By definition, a permissive counterclaim does not arise out of the transaction or occurrence that is the subject matter of the main claim." *Id.* The claims held to be compulsory in *4040 Ibis Circle* included claims for breach of contract in the application of the borrower's principal and interest payments to the paydown of an escrow account for force-placed insurance. But the court also ruled that the counts of the counterclaim based upon violation of the Florida Unfair Insurance Trade Practices Act were permissive. They were based upon the participation in a force-placed insurance scheme of "undisclosed commissions, illegal kickbacks." These claims did not arise out of the same operative facts as the foreclosure complaint.

In Count I of the counterclaim attached to the motion to amend here, the class representative seeks a declaration that the practice of adding attorney's fees and costs from unsuccessful foreclosure actions against borrowers to the balance of their mortgages violates Florida law and requires that the Bank and SunTrust compensate borrowers to whom this occurred. These claims relate to the operative facts of the foreclosure, because Borrower alleges that his mortgage was increased by adding attorney's fees from the prior unsuccessful actions to his balance. The complaint is against the Bank and SunTrust, its servicer. They all relate to the inclusion of attorney's fees from unsuccessful attempts to foreclose on the mortgage in the amount due on the mortgage and promissory note. The counterclaim is compulsory, because it involves the same aggregate operative facts of the main claim and defense, i.e., whether the attorney's fees from unsuccessful suits had been included inappropriately in the amount claimed due under the mortgages.

Count II is asserted against SunTrust only and as a class action. Thus it is not a true counterclaim but a third party claim. The class action rule does not include third party claims within its provisions. Even if this may be loosely determined to be a counterclaim asserted against the loan servicer as an agent of the Bank, it is not a compulsory counterclaim. The counterclaim seeks damages for breach of the Florida Consumer Collection Practices Act by adding attorney's fees to the balance of mortgages, similar to Count I. However, Count II is also filed on behalf of borrowers on any

4

mortgage SunTrust serviced, thus involving lenders other than the Bank in this suit. Such a claim would require review of mortgages held by other lenders. It further alleges that SunTrust used various means of communication and attempted to collect debts involving interstate commerce, which is a different element than the foreclosure proceeding. It would require proof that the debts were "consumer debts" within the meaning of section 559.55(6), Florida Statutes (2006). These elements are all beyond the operative facts of the foreclosure complaint. Generally, "actions to collect debts are not compulsory counterclaims to actions predicated on the violation of consumer protection type laws." *See Equity Residential Props. Tr. v. Yates*, 910 So. 2d 401, 404 (Fla. 4th DCA 2005). Logically, the opposite should also be true, that actions for violations of consumer protection laws would not constitute compulsory counterclaims to actions to collect a debt. We conclude that this claim is permissive, and thus the trial court's order allowing compulsory claims only to proceed effectively denied the motion to amend to assert the permissive counterclaim. It did not deny it based upon the denial of class certification as a matter of law. Therefore, as to Count II, the order is not an appealable final order. This appeal is dismissed as to the denial of the motion to amend to include Count II of the counterclaim.

As the Count I counterclaim is compulsory, and the trial court allowed Borrower to file his compulsory counterclaim, the issue remains as to whether it could be asserted as a class action for all borrowers similarly situated. Since rule 1.220 permits the assertion of class actions by way of counterclaims, as a matter of law, this claim may be asserted. Motions to amend should be liberally granted. *See* Fla. R. Civ. P. 1.190(a) ("Leave of court shall be given freely when justice so requires."). Once filed, whether this should proceed as a class claim depends upon an analysis of the factors for maintaining a class action set forth in Florida Rule of Civil Procedure 1.220. The rule requires a trial court to make findings of fact and conclusions of law supporting its ruling to either certify a class or deny certification. *See* Fla. R. Civ. P. 1.220(d)(1). The trial court truncated this review by denying the motion to amend. Yet to determine whether the court has abused its discretion, the appellate court must have the benefit of the findings of fact and conclusions of law by the trial court. *Fidelity Nat'l Title Ins. Co. v. Grosso,* 110 So. 3d 521, 522 (Fla. 4th DCA 2013).

We therefore reverse and remand for the trial court to grant the amendment to assert Count I as a class action and then to consider whether the counterclaim can and should be asserted as a class action. As to Count II, the appeal is dismissed because it is a nonappealable order.

*Reversed in part; dismissed in part; and remanded for further proceedings.*

DAMOORGIAN and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**